## Dillman v. John Diebold & Sons Stone Company.

(Decided December 18, 1931.)

632

CLEM W. HUGGINS and FRANK COYLE for appellant.

BLAKEY, DAVIS & LEWIS for appellee.

ROBERT F. VAUGHAN for intervening petitioner.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Matthew J. Dillman was an employee of the National Concrete Construction Company, which had contracted with the Louisville Water Company to build certain additions to its filter plant in the city of Louisville. As general or principal contractor, the National Concrete Construction Company sublet the stone work to the John Diebold & Sons Stone Company. On March 8, 1928, the employees of the subcontractor were engaged in erecting a stone wall facing. At the same time, the employees of the general contractor, including Dillman, were engaged in laying brick backing for the stone wall. While standing on a high scaffold in the prosecution of this work, a large stone fell from the wall upon the scaffold, breaking it down and causing Dillman to be thrown to the ground and injured. Prior to the accident, the general contractor and Dillman, as well as the subcontractor, had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.) Thereafter Dillman filed a claim for compensation against his employer, the National Concrete Construction Company, and compensation was paid by the Liberty Mutual Insurance Company, which carried the insurance for the National Concrete Construction Company.

Some time later Dillman brought this action against the John Diebold & Sons Stone Company to recover damages for his injuries, which he claimed were caused by the gross negligence of that company and its servants.

In addition to an answer containing a general denial, and a plea of contributory negligence, the John Diebold & Sons Stone Company filed an amended answer pleading in substance that Dillman was employed by the general contractor; that his injuries occurred on the premises on which the general contractor had undertaken to execute the work, and which work was under its control and management; that the employees of both the general contractor and appellee were working on the same scaffold at the time of the accident, and that all the parties were operating under the Workmen's Compensation Law, and that payments had been made to Dillman on behalf of the general contractor, in accordance with the law. To the amended answer Diebold interposed a demurrer, which was overruled, and, having declined to plead further, the petition was dismissed. Dillman appeals.

Appellant insists that section 4890, Kentucky Statutes, gives him a right of action, and that this right is not taken away by section 4891, Kentucky Statutes. On the other hand, appellee takes the position that section 4891, Kentucky Statutes, is controlling, and that this view finds support, not only in McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S. W. 1068, but also in Bindbeutel v. L. D. Willcut & Sons Co., 244 Mass. 195, 138 N. E. 239, Catalano v. George F. Watts Corporation, 255 Mass. 605, 152 N. E. 46, and Matheny v. Edwards Ice Machine & Supply Co. (C. C. A.) 39 F. (2d) 70, where similar statutes were involved.

Sections 4890 and 4891, Kentucky Statutes, are as follows:

"4890. Whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both, and if compensation is awarded under this act either the employer or his insurance carrier, having paid the compensation or having become liable therefor, shall have the right to recover in his or its own

name or that of the injured employee from the other person in whom legal liability for damages exists not to exceed the indemnity paid and payable to the injured employee.''

"4891. A principal contractor, intermediate or sub-contractor shall be liable for compensation to any employee injured while in the employe of any one of his intermediate or sub-contractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer. Any principal, intermediate or sub-contractor who shall pay compensation under the foregoing provision may recover the amount paid from any subordinate contractor through whom he may have been rendered liable under this section. Every claim to compensation under this section shall in the first instance be presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's rights to recover compensation under this act from the principal or intermediate contractor; provided, that the collection of full compensation from one employer shall bar recovery by the employee against any others; nor shall he collect from all a total compensation in excess of the amount for which his immediate employer is liable. This section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work or which are under his control otherwise or management.''

McEvilly v. L. E. Myers Co., supra, involved the right of an employee of a sub-contractor to recover damages of the general contractor where all the parties were operating under the Workmen's Compensation Act, and plaintiff had been paid compensation for his injuries. In reaching the conclusion that he could not recover, we held that section 4891, Kentucky Statutes, supra, was controlling and that section 4890, supra, did not apply as between the contractor and the employee of a sub-contractor working upon the same premises in the performance of the ultimate job to be accomplished. Of this there can be no doubt. But the right of an employee of a general contractor in the circumstances to sue a subcontractor is an entirely different question. Section 4890, supra, gives to an injured employee the right to sue when he is

injured under circumstances creating in some other person than the employer legal liability to pay damages. Clearly, a subcontractor is a person other than the employer, and therefore may be sued, unless the right of action is taken away by section 4891, supra. That section makes every principal or prior contractor liable for compensation to any employee injured while in the employ of any one of his subordinate contractors, and engaged upon the subject-matter of the contract to the same extent as the immediate employer, and gives to such principal or prior contractor, who has paid compensation, the right to recover the amount from any subordinate contractor through whom he may have been rendered liable. Though it requires that every claim for compensation under the section shall first be presented to and instituted against the immediate employer, it gives to the employee the right to recover compensation from the principal or prior contractor, subject to the limitation that the collection of full compensation from one employer shall bar a recovery against any others, and that he cannot collect from all a total compensation in excess of the amount for which his immediate employer is liable. In short, the statute operates downward in so far as the liability of the principal or prior contractor is concerned, and upward, in so far as the employee's right of compensation is concerned.

As every contractor is made liable to the employees of every subordinate contractor, it naturally follows that the Legislature did not intend that such employee should recover both compensation and damages from a prior contractor, and that such prior contractor is not "some other person" within the meaning of section 4890, supra. But, as employees of the principal or prior contractor are not given the right of compensation against a subordinate contractor, the position of such subordinate contractor is not affected by the statute, and with respect to the employees of prior contractors he still remains "some other person." But it is argued that the purpose of the statute was to make the right to compensation exclusive, and thus provide equal treatment for all employees on the same job, whether working for the principal or subordinate contractor. We cannot adopt this view without doing violence to the statute. It does deprive the employees of a subordinate contractor of the right of action against prior contractors, but substitutes in lieu thereof the right of compensation. It does not

636

give the employees of a principal contractor the right of compensation against a subcontractor, and we cannot construe the statute as taking away their right to sue and putting nothing in its place. In view of the fact that our Statutes differ materially from those involved in Bindbeutel v. L. D. Willcutt & Sons, Catalano v. George F. Watts Corporation, and Matheny v. Edwards Ice Machine & Supply Co., supra, we do not regard those cases as controlling. We therefore conclude that Dillman, the employee of the principal contractor, may maintain his action for damages against appellee, the subcontractor, notwithstanding the fact that he had been paid compensation by the insurer of his immediate employer, subject, however, to appellee's right in the event of a recovery to have the judgment credited by the compensation so paid. Williams v. Brown, 205 Ky. 74, 265 S. W. 480. It follows that the demurrer to the amended answer should have been sustained.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.

Whole court sitting.