**STATE ex rel. W. J. MENEFEE CONSTRUCTION COMPANY, Petitioner,**

v.

**Honorable Claude E. CURTIS, Judge of the Circuit Court of Laclede County, Missouri, and of the 19th Judicial Circuit, Respondent.**

**No. 7773.**

Springfield Court of Appeals.

Missouri.

Jan. 5, 1959.

**714**

Walker, Daniel, Clampett, Rittershouse & Ellis, Springfield, for petitioner.

Allen, Woolsey & Fisher, Springfield, for respondent.

McDOWELL, Judge.

Prohibition. This is an original proceeding in prohibition seeking to prevent respondent, Honorable Claude E. Curtis, Judge of the Circuit Court of Laclede County, Missouri, from proceeding in an alleged excess of the jurisdiction of that court to hear and determine the issues in an action for personal injuries brought by Harry Chew, Jr., plaintiff v. W. G. Menefee Construction Company, defendants. Respondent's return to our preliminary rule admitted the facts pleaded in relator's petition, denied the conclusions of law pleaded therein, denied that the petition for damages failed to state a cause of action and denied that the trial court was without jurisdiction to hear and determine the issues presented in the damage action; and denied that plaintiff is an employee of the defendant Menefee Construction Company, within the meaning of the Missouri Workmen's Compensation Law, Section 287.150 RSMo 1949, V.A.M.S., and sought discharge of our rule upon the grounds that plaintiff's application for prohibition fails to state grounds upon which relief can be granted and for the issuance of a writ of prohibition and that petitioner has an adequate remedy at law. Relator thereupon filed motion for judgment on the pleadings. The cause was briefed, argued and submitted upon the facts and issues pleaded in the petition and return.

The action out of which this proceeding arose is case No. 3959 in the Circuit Court of Laclede County entitled Harry Chew, Jr., plaintiff v. W. J. Menefee Construction Company, Frank Laughlin and George W. Smith, defendants. The petition alleged that on July 22, 1957, plaintiff suffered personal injuries when his 1953 Chevrolet Coupe collided with a steel cable attached to two Caterpillar motor graders, operated by the agents and servants of defendant W. J. Menefee Construction Company, at the time engaged in working on the shoulders of new U. S. Highway 66, in Laclede County, Missouri; that the col-

lision and injuries sustained were due to the negligence of said employees and servants of defendant (setting out the grounds of negligence relied on).

It is admitted by the pleadings that new U. S. Highway 66 was still under construction and not open for travel to the public; that Koss Construction Company held the general contract for said work, the contract having been let by the State of Missouri acting through the State Highway Commission; that said Koss Construction Company had subcontracted a portion of said work to this defendant; that at the time and place of collision between the motor vehicle operated by plaintiff and the cable stretched between the motor graders in question, defendant was engaged in doing its subcontract work; that plaintiff, at the time and place of the collision (described in the petition), was an employee of Koss Construction Company and was acting in the scope of his employment at the time of his injuries; and, that plaintiff, Harry Chew, Jr., Koss Construction Company, the general contractor on said project, and defendant Menefee Construction Company, a subcontractor on said project, were operating under and subject to the Missouri Workmen's Compensation Law.

The issue of law presented to this court for determination is whether a subcontractor is a third person under Section 287.-150 RSMo 1949, V.A.M.S., against whom an employee of such subcontractor's general contractor may proceed in tort where both general contractor and subcontractor are operating under and subject to the Missouri Workmen's Compensation Law and where such employee, when injured, was acting in the course and scope of his employment.

Petitioner relies upon the Workmen's Compensation Act to establish defendant's immunity from a common law action for damages contending that defendant is not a third person under § 287.150 of the Act.

This issue can only be resolved by a consideration and interpretation of the sections of the Workmen's Compensation Act relating thereto. The Workmen's Compensation Law provides:

Section 287.020 defines "employee" to mean "every person in the service of any employer, * * * under any contract of hire, express or implied, oral or written, * * *".

Section 287.030 defines "employer" thus:

"The word 'employer' as used in this chapter shall be construed to mean:

"Every person, * * * using the service of another for pay."

Section 287.040 entitled "Liability of employer—landlords, contractors, subcontractors" reads:

"1. Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business. * * *

"4. In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. * * * No such employer shall be liable as in this section provided, if the

employee was insured by his immediate or any intermediate employer."

Section 287.150. "Injured employee may hold third person, when—effect. Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee * * *".

It is petitioner's position that a proper interpretation of our Workmen's Compensation law that of two men working shoulder to shoulder, one, being the employee of the general contractor, should be entitled to no more benefits and greater advantages than the other.

The law in Missouri is well settled in Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153, that a servant of a subcontractor cannot sue the general contractor when such servant was injured by the negligence of employees of the general contractor when all the parties in the accident were within the Compensation Act and respondent had collected compensation from his immediate employer. The case, as in the case at bar, called for construction of several sections of the Compensation Act. On page 154 of 121 S.W.2d the court stated:

"* * * an employee is a person in the service of an employer under any contract of hire. But the four subsections of Sec. 3308, Mo.St.Ann. * * *, create certain *constructive* relationships of employer and employee where there is no contract of hire and exempt the employer from liability for compensation on condition. Sec. 3309, Mo.St. Ann. § 3309, p. 8244, permits the employee to sue at common law by subrogee when his injuries were caused by a 'third person'. * * *

" '(d) In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employes of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. *No such employer shall be liable as in this section provided, if the employe was insured by his immediate or any intermediate employer.'* (Italics ours.) * * *

"Further, while Sec. 3309 provides that if the employee has a cause of action for his injuries against a third person his employer shall be subrogated thereto, yet it is settled that the employee also may sue, * * *

"We are, therefore, squarely confronted with the single question whether the employee of a subcontractor if negligently injured by the general contractor can sue the latter for damages at common law as a third person and at the same time collect compensation from his immediate employer under the Compensation Act when the immediate employer carries liability insurance covering the casualty and all the other facts bring the case within the Compensation Act. * * *"

It was contended that the last sentence of subsection (d) of § 3308 makes the remote employer a stranger to the employment of a "third person" within the mean-

ing of the Act. The court stated this law on page 156 of 121 S.W.2d:

" * * * However, it does not say he shall no longer be *deemed* an employer, and that he shall be considered as outside the protection of the Act. The subsection deals with employers under various degrees of liability ranging from primary liability to nonliability and treats them all as being *within the Act*. There is no disclosure of any legislative intent to outcast a remote employer because he avails himself of a condition contained in the subsection, by requiring his subcontractors to carry liability insurance. Neither is there any discernible intent to prefer one class of employees over another, by permitting the employees of a subcontractor to recover from him compensation for injuries and at the same time sue the remote employer for negligently inflicting them; whereas the direct employees of the same remote employer, perhaps injured in the same accident, would be allowed compensation alone.

"Appellants have pointed out certain other consequences which would follow if the statute be construed according to respondent's theory. They say a remote contractor would be *penalized* for complying with the Act, and that is true. *For it has been held the object of the statute is to prevent the remote employer from avoiding liability under the Compensation Act through resort to the device of having the work done by irresponsible, independent subcontractors.* Pruitt v. Harker, supra, 328 Mo. [1200], loc. cit. 1207, 1208, 43 S.W. 2d [769], loc. cit. 771. * * *" (Italics in last sentence ours.)

After discussing cases from foreign jurisdictions, the court stated: "Our statute makes any and all such independent contractors statutory employers—not merely those who are derelict or fraudulent."

In the Patti case the court held that the Workmen's Compensation Act made the employees of the subcontractor statutory or constructive employees of the main contractor with rights for compensation under the Act against the main contractor. And, the fact that the main contractor might protect himself by having the subcontractor protect his employees by taking out insurance did not affect the relation of employer and employee created by virtue of the Act.

In the instant case the employee of the main contractor received nothing by virtue of the Workmen's Compensation Act while the employee of the subcontractor, as in the Patti case, did receive the benefits of protection under the Workmen's Compensation Act against the main employer. In the Patti case there was clearly a relationship between the employee of the subcontractor and the main contractor created by the statute. Clearly, there is no such relationship between petitioner in the instant case and the employee of the main contractor, plaintiff in the trial court.

Petitioner relies upon that part of the court's opinion in the Patti case, supra, 121 S.W.2d loc. cit. 157, which states: "Neither is there any discernible intent to prefer one class of employees over another, by permitting the employees of a subcontractor to recover from him compensation for injuries and at the same time sue the remote employer for negligently inflicting them; whereas the direct employees of the same remote employer, perhaps injured in the same accident, would be allowed compensation alone."

We have stated the reasons why this law does not apply to the facts in the instant case. The issue presented in the Patti case is the converse of the issues presented in the instant case. In the instant case plaintiff, Chew, an employee of the general contractor, is attempting to proceed in tort for injuries sustained because of the negligence of the subcontractor.

The issue involved in the instant case has not been before the courts in this state and we can gain little aid from consideration of authorities in other states for reason that the statutes of other states are so different from the Workmen's Compensation Act in Missouri. However, petitioner has made an able and fair statement of the holdings of the courts of other states on the issue here involved and the reasons assigned for such holdings.

Cases granting tort relief under similar facts as in the case at bar are Brown v. Arrington Const. Co., 74 Idaho 338, 262 P. 2d 789; Davison v. Martin K. Eby Const. Co., 169 Kan. 256, 218 P.2d 219; Dillman v. John Diebold & Sons Stone Co., 241 Ky. 631, 44 S.W.2d 581; Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137; Sloan v. Harrington, 117 Neb. 809, 223 N.W. 663; Robinson v. Atlantic Elevator Co., 298 Pa. 549, 148 A. 847, and Olsen v. Sharpe, 191 Tenn. 503, 235 S.W.2d 11.

These authorities hold that the reasons for extending tort immunity to a general contractor have no validity when applied to a subcontractor for the Workmen's Compensation Law imposes no liability upon such contractor to employees of his general contractor. Further, that the ancient rule of statutory construction prohibits an opposite result. In the Dillman case [241 Ky. 631, 44 S.W.2d 583], the Kentucky court held "But, as employees of the principal or prior contractor are not given the right of compensation against a subordinate contractor, the position of such subordinate contractor is not affected by the statute, and with respect to employees of prior contractors he still remains 'some other person' * * *".

In the Olsen case [191 Tenn. 503, 235 S.W.2d 12], the court of Tennessee held: "Under a familiar rule of statutory construction, Common Law rights will not be abrogated by implication, and such rights will be denied only when the statute expressly so provides."

The following cases in foreign jurisdictions denied tort relief. Younger v. Giller Contracting Co., Inc., 143 Fla. 335, 196 So. 690; Carlson v. Dowgielewicz, 304 Mass. 560, 24 N.E.2d 538, and Rea v. Ford, 198 Va. 712, 96 S.E.2d 92. In the Younger case, the court stated: " * * * It is not in accordance with the controlling principles of workman's compensation that of two men working shoulder to shoulder, one, being the employee of the general contractor, should be entitled to more benefits and greater advantages than the other". [143 Fla. 335, 196 So. 692.]

In Rea v. Ford, supra, the question decided was whether the subcontractor was "another party" within the meaning of the Virginia statute. The court held that the subcontractor was not "another party" following decisions in that state which had held that co-employees were not "other parties" and not subject to a common law action because of the Workmen's Compensation statute, Code 1950, § 65-1 et seq. Missouri, however, has consistently held that a common law action in tort can be maintained against co-employees. Gardner v. Stout, 342 Mo. 1206, 119 S.W.2d 790; August Viermann Bricklaying Co. v. St. Louis Contracting Co., 335 Mo. 534, 73 S.W.2d 734; Schumacher v. Leslie, En Banc, 360 Mo. 1238, 232 S.W.2d 913, and Carlson v. Dowgielewicz, supra, decided under a Massachusetts Compensation statute, M.G. L.A. c. 152, which is entirely different from our own statutes. See Bagnel v. Springfield Sand & Tile Co., 1 Cir., 144 F.2d 65.

While the law declared in foreign jurisdictions discusses the issue presented in the instant case, such decisions in the main are of little value because the statutory law in each of the states is dissimilar from our Missouri Workmen's Compensation statutes. However, the majority of the opinions lends weight to the construction that a subcontractor who injures an employee of the main contractor is a "third party" within the meaning of the Missouri statutes.

■ We have here presented the question of whether or not a subcontractor is a third person under section 287.150 of the Missouri Workmen's Compensation Act against whom an employee of the general contractor may proceed in tort. The issue is raised by motion for judgment on the pleadings and, therefore, becomes one of law upon the admitted facts. We think a fair construction of the Compensation Act is that the plaintiff, Harry Chew, in the lower court, was not an employee of defendant, W. J. Menefee Construction Company, at the time of his injury. Section 287.040 [4], which makes the immediate contractor or subcontractor liable as an employer of his subcontractor, in no way, can be construed to affect the rights of an employee of the immediate contractor. Our courts have definitely held that the purpose and intent of the Legislature in passing this provision in the statute was to prevent a contractor from subletting the work to irresponsible contractors in order to avoid liability. Schumacher v. Leslie [En Banc], 360 Mo. 1238, 232 S.W.2d 913; Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153.

■ The Compensation Act does not take away the employee's common law right against a defending third person. Reynolds v. Grain Belt Mills Co., 229 Mo.App. 380, 78 S.W.2d 124; Bunner v. Patti, supra; and Schumacher v. Leslie, supra. It does subrogate the employer to the right of the employee against a third party person, yet, it is settled that the employee also may sue, independent of statute or the two may sue together.

■ We find there was no relationship of an employer and employee created between petitioner herein and the plaintiff in the trial court, either actually or by statute.

Plaintiff Harry Chew's common law right to sue the defendant for tort is specifically reserved in § 287.150.

In Vol. II, Larson's Workmen's Compensation Law, § 72.32, p. 177, it is stated:

"When the positions are reversed, and an employee of the general contractor (or the general contractor himself a subrogee) sues the subcontractor in negligence, the great majority of jurisdictions have held that the subcontractor is a third party amenable to suit".

This same law was declared in Robinson v. Atlantic Elevator Co., supra; Brown v. Arrington Const. Co., supra; Benoit v. Hunt Tool Co., supra; and Davison v. Martin K. Eby Const. Co., supra. All these cases hold that a subcontractor is a "third person" against whom a suit will lie by an employee of the principal for injuries sustained by the negligence of the subcontractor's employee although the employees are engaged in a common employment.

It is the order and judgment of this court that the motion for judgment on the pleadings filed by petitioner herein be denied; that our temporary writ be quashed and the action dismissed.

RUARK, J., concurs.

STONE, P. J., concurs in result as to quashing of the preliminary writ of prohibition heretofore issued.