Vernon E. HARDESTY, Appellant,

v.

ALLIANCE PLUMBING AND HEATING COMPANY, Inc., and Electrical Construction Company, Inc., Appellees.

No. 16984.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 4, 1962.

Decided Feb. 7, 1963.

Mr. Philip J. Lesser, Washington, D. C., with whom Mr. I. Irwin Bolotin, Washington, D. C., was on the brief, for appellant.

Mr. John F. Mahoney, Jr., Washington, D. C., with whom Mr. Charles E. Pledger, Jr., Washington, D. C., was on the brief, for appellee Alliance Plumbing and Heating Co., Inc.

Mr. Albert E. Brault, Washington, D. C., with whom Mr. Denver H. Graham, Washington, D. C., was on the brief, for appellee Electrical Construction Co., Inc.

Before WILBUR K. MILLER and BURGER, Circuit Judges, and BELL, Circuit Judge for the Fourth Circuit.*

BELL, Circuit Judge.

The plaintiff here, an employee of the principal contractor, sues the subcontractors for personal injury alleging negligence of the subcontractors' employees. The issue presented is: does the Maryland Workmen's Compensation Act bar such a suit upon the grounds that the subcontractors are not other persons within the terms of the statute? Section 58 of the Act, Ann.Code of Md., Art. 101, § 58, provides:

"Where injury * * * for which compensation is payable * * * was caused under circumstances creating a legal liability in some person other than the employer * * * the employee * * * may proceed * * * by law against that other person to recover damages * * *. If any such employer * * * shall not, within two months from the passage of the award * * * start proceedings * * * the injured employee * * * may * * *."

The exact point at issue herein has not been passed upon by Maryland's highest court, however we are not without guidance from that tribunal. In Clough & Malloy v. Shilling, (1925) 149 Md. 189, 131 A. 343, that court permitted a suit by an employee of one subcontractor against another subcontractor. In Crown Cork & Seal Co., Inc. v. Sara Hutter, reported in The Daily Record March 13, 1943, the Superior Court of Baltimore City permitted suit by an employee against a fellow employee, citing Clough & Malloy v. Shilling and other Maryland cases, and reasoning as follows:

"The true test [under the Maryland statute] seems to be not whether he falls strictly within the definition of 'employer', but whether in obedience to the law, he has paid or provided for the payment of compensation to the injured person. * * *"

Both Clough & Malloy v. Shilling and Crown Cork & Seal Co., Inc. v. Sara Hutter, as well as other Maryland cases cited in those decisions, convince us that

* Sitting by designation pursuant to Sec. 291(a), Title 28 U.S.Code.

Maryland has declined to read into the statute a so-called "community of interest" or "umbrella theory" which prohibits suits against others engaged in a common enterprise. For this reason we hold that Maryland's statute leaves employee's common law remedy against the defendants available to him in this case.

Remanded for new trial

WILBUR K. MILLER, Circuit Judge, concurs in the result.