Charles PETERS, Appellant,

v.

RADCLIFF READY MIX CONCRETE INC., et al., Appellees.

Jerry MILLER, Appellant,

v.

THOMAS J. NOLAN & SONS et al., Appellees.

Court of Appeals of Kentucky.

March 17, 1967.

Paul M. Lewis, Hatcher & Lewis, Elizabethtown, for appellant, Charles Peters.

E. R. Gregory, Bowling Green, for appellant, Jerry Miller.

Robert Hubbard, Elizabethtown, John Hopkins, Hazelrigg & Cox, Frankfort, for appellee, Radcliff Ready Mix Concrete, Inc.

William A. Miller, Louisville, for appellee, Schabb Const. Co., Inc.

William Mellor, Burke & Mellor, Louisville, for appellee, Thomas J. Nolan & Sons.

L. A. Faurest, Faurest & Collier, Elizabethtown, Grover C. Thompson, Thompson & Thompson, Lexington, for appellee, Kentucky Steel Products Co., Inc.

CULLEN, Commissioner.

Charles Peters and Jerry Miller, employes of Southern Plumbing and Heating Company, were injured while engaged in work for their employer in the construction of a new school building, when the roof collapsed. Schickli Contracting Company was the principal contractor on the job. Southern Plumbing and Heating Company, Radcliff Ready Mix Concrete Company, Schaab Construction Company, and Kentucky Steel Products Company all were subcontractors. Thomas J. Nolan & Sons were the architects.

The principal contractor, the architects, and each of the subcontractors were operating under the Workmen's Compensation Act. Peters and Miller were entitled to workmen's compensation from their employer, Southern Plumbing and Heating Company, and Miller applied for and received such compensation. However, both Miller and Peters filed *common law actions against the subcontractors other than their employer,* and against the architects, alleging *negligence* and seeking damages according to the common law. See KRS 342.055. Summary judgments were entered for the defendants, on the theory that under the law of Kentucky, as set forth in Miller v. Scott, Ky., 339 S.W.2d 941, an employe covered by workmen's compensation cannot maintain a common law action for damages for injuries sustained on a job against anyone else directly connected with the performance of the job. Miller and Peters have appealed.

In Miller v. Scott, Ky., 339 S.W.2d 941, the holding was that an employe covered by workmen's compensation who is injured by the negligence of a fellow employe working on the same job cannot sue the latter for common law damages. The holding was rested solely on the pronouncement in McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S.W. 1068, that "some other person than the employer," as used in KRS 342.055 with reference to the bringing of common law actions, "refers to a *third* party having no connection with the general work being performed, and whose act of negligence was wholly disconnected with that work." The specific holding in McEvilly was that an employe of a subcontractor could not sue the *principal contractor* for common law damages.

We think that the specific holdings in McEvilly and in Miller (v. Scott) may be justifiable but that the statement above quoted from McEvilly needs qualification and it should not be interpreted and applied to extend immunity from common-law liability beyond the limits deducible from McEvilly and Miller.

The only immunity from common-law liability expressly provided for in the Workmen's Compensation Act is that of the "employer". KRS 342.015(1). Consistent with this are the provisions of KRS 342.055 relating to common-law actions against "some other person than the employer." The immunity avoids unconstitutionality only on the basis that the employe, in electing to come under workmen's compensation, *waives* his common-law rights against his employer. See Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648.

In subcontractor situations it may be reasonable to treat the *superior* contractor as being the equivalent of an immune "employer" of the subcontractor's employes by reason of his liability to them under KRS 342.060 for workmen's compensation. The opinion in Jennings v. Vincent's Adm'x, 284 Ky. 614, 145 S.W.2d 537, makes it clear that the superior contractor's immunity

arises solely from the existence of his statutory obligation for workmen's compensation.

Perhaps immunity of an employe from common-law liability to a fellow employe working on the same job, as was held to exist in Miller v. Scott, can be justified on the theory that all employes of a *single employer* working on the same job constitute together with the employer an employment unit so integrated in economic effect as to warrant the entire unit as being considered to be embraced within the word "employer" as used in the immunity provision of KRS 342.015(1), thus extending the immunity to the employes. It reasonably could be considered that an employe would expect his workmen's compensation benefits to be exclusive of any other remedy for injuries received as a result of negligence of any member of his employment unit.

■ There is no basis, however, on which one contractor can be considered to be an "employer" of the employes of another independent contractor who is in no way subordinate to the former. The one has no obligation for workmen's compensation to the employes of the other, so he cannot be considered the equivalent of an employer. And despite the fact that two subcontractors may be working on the same general project, and be under contract to the same principal contractor, it cannot reasonably be considered that they are so integrated as to warrant that they be treated as a single employment unit. We think an employe cannot reasonably be considered to have intended or expected to waive his common-law right of action against every person, individual or corporate, who happens to work on the same project on which his employer is engaged.

In Dillman v. John Diebold & Sons Stone Co., 241 Ky. 631, 44 S.W.2d 581, where the holding was that an employe of the *principal contractor* could maintain a common-law action against a *subcontractor*, this Court made it very clear that the subcontractor has no immunity from suit by employes of

other contractors on the same job since they have no right of workmen's compensation against him. The court said, 44 S.W.2d 583, that "we cannot construe the statute as taking away their right to sue and putting nothing in its place."

■ It is our considered opinion that the statement in McEvilly to the effect that "employer" includes anyone having any "connection with the general work being performed" is far too broad. We think the meaning of "employer" cannot be extended to people who have none of an employer's obligations (such as the principal contractor's workmen's compensation obligation to employes of a subcontractor) and who are not members of an integrated employment unit so that the employer's immunity envelops them.

The prevailing general rule in other jurisdictions is that a subcontractor negligently causing injury to an employe of another subcontractor is liable in a common-law action. See 101 C.J.S. Workmen's Compensation, § 985d(3), pp. 479, 480; 2 Larson, The Law of Workmen's Compensation, sec. 72.32, p. 177; State ex rel. Menefee Const. Co. v. Curtis, Mo., 321 S.W.2d 713; Hardesty v. Alliance Plumbing & Heating Co., 114 U.S.App.D.C. 360, 316 F.2d 361 (applying Maryland law); Portman v. Hanman Bldg. Corp., 131 Misc. 168, 226 N.Y.S. 395; McVeigh v. Brewer, 182 Tenn. 683, 189 S.W.2d 812; Rota-Cone Oil Field Operating Co. v. Chamness, 197 Okl. 103, 168 P.2d 1007; Davison v. Martin K. Eby Construction Co., 169 Kan. 256, 218 P.2d 219.

Massachusetts and Florida take a contrary view, based upon a so-called "umbrella" theory. 2 Larson, The Law of Workmen's Compensation, sec. 72.32, pp. 177 to 179; Dresser v. New Hampshire Structural Steel Co., 296 Mass. 97, 4 N.E.2d 1012; Miami Roofing & Sheet Metal Co. v. Kindt, Fla., 48 So.2d 840. However, strange as it may seem, Florida permits an employe to sue his fellow employe even though their mutual employer carries work-

men's compensation coverage. See Frantz v. McBee Company, Fla., 77 So.2d 796. It appears that in Florida the immunity of a subcontractor from suit by an injured employe of another subcontractor really rests upon a specific statutory provision which states that workers engaged in "a common enterprise" shall be considered "statutory fellow servants," thus enabling any contractor whose employe negligently injures the employe of another contractor to assert the old common-law defense of negligence of a fellow servant. This is not a matter of immunity from suit but of availability of a particular defense which normally would be effective to prevent recovery.

Minnesota, Oregon and Virginia also follow an "umbrella" or "common enterprise" doctrine under which subcontractors on a common project are exempt from common-law liability to each other's employes, but in these states the doctrine is by virtue of express statutory provision. See 2 Larson, The Law of Workmen's Compensation, secs. 72.32, 72.33, 72.34, pp. 177 to 181 (and 1966 Cumulative Supplement pp. 194 to 198).

In 1955, in Frantz v. McBee Company, Fla., 77 So.2d 796, the Florida Court said that its research had disclosed that except for those states in which there was a specific statutory immunity, Massachusetts was the only state subscribing to the view that the carrying of workmen's compensation coverage by an employer operates to grant immunity to his employes from suits between each other. After that, of course, Kentucky took the same view in Miller v. Scott, Ky., 339 S.W.2d 941. If there is any valid reason for this view it is not the same reason that is given for holding a subcontractor immune from suits by employes of another subcontractor. (As hereinbefore indicated, the reason given for the subcontractor's immunity is that all of the employes on one project are "fellow servants" so the old common-law defense of negligence of a fellow servant is available. But at common law one fellow servant can sue

another; the latter's negligence may exonerate his employer but he himself has no exoneration.) So Miller v. Scott is no precedent or authority for subcontractor's immunity.

Since Miller v. Scott is not controlling of the question here presented, and since we find no basis in the Kentucky Workmen's Compensation Law for treating all workers on one project as "fellow servants" so as to warrant an "umbrella" or "common enterprise" theory (we rejected such a theory in Dillman v. John Diebold & Sons Stone Co., 241 Ky. 631, 44 S.W.2d 581) it is our conclusion that the defendants in the instant action had no immunity from suit arising out of the availability of workmen's compensation to the plaintiffs.

The summary judgments were granted solely on the ground of immunity. In the briefs a couple of other defenses possibly available to one or more of the defendants are discussed but we shall not consider them because they were not passed on by the trial court.

The judgments are reversed with directions for further proceedings in conformity with this opinion.

All concur.