**Anna Mae BRYANT, Administratrix of the Estate of James McKinley Bryant, Deceased, et al. and Della Sue Rice, Administratrix of the Estate of Will Rice, Deceased, Plaintiffs-Appellants,**

v.

**OLD REPUBLIC INSURANCE COMPANY, Defendant-Appellee.**

**No. 20190.**

United States Court of Appeals, Sixth Circuit.

Oct. 2, 1970.

Phillips, Chief Judge, dissented and filed opinion.

Clifford L. Walters, Paducah, Ky., for appellants, Williams, Walters & Miller, Paducah, Ky., on brief.

Beard, Rummage & Kamuf, Owensboro, Ky., for Della Sue Rice.

James M. Graves, Louisville, Ky., for defendant-appellee, Edward H. Stopher,

Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

CELEBREEZE, Circuit Judge.

The Appellants in these consolidated cases are the personal representatives of the estates of eight coal miners who were killed in the course of their employment in the River Queen Underground Mine No. 1 of the Peabody Coal Company in Muhlenberg County, Kentucky, on August 7, 1968.

Jurisdiction is based upon diversity of citizenship. Kentucky law controls.

The eight deceased coal miners were covered by the Kentucky Workmen's Compensation Statute, KRS § 342.001 et seq. Old Republic Insurance Company (Old Republic) is the workmen's compensation insurance carrier for Peabody Coal Company.

Suit was initiated against Old Republic as a third party under the provisions of § 342.055[1] of the Kentucky Workmen's Compensation Act which allows an injured employee to sue either the employer or the third party responsible for the injury or both, but provides that he cannot recover from both parties. The complaint alleged that Old Republic had made or assumed the duty to make certain safety inspections of the mine in which the explosion occurred; that the inspections were either not made or that they were made negligently; and that this breach of duty by the insurance company resulted in the death of decedents.

The District Court granted Old Republic's motion to dismiss pursuant to Rule 12(b) (6), Fed.R.Civ.Proc., on the ground that under the substantive law of the Commonwealth of Kentucky the workmen's compensation carrier is sufficiently equated with the employer to share his immunity from common law suits by injured employees of the insured. The present appeal is from the order of the District Court dismissing the cause of action.

The question presented to this court is one of law: whether a workmen's compensation insurance carrier who is obligated under KRS § 342.365 to pay benefits to the personal representative of a deceased employee of the insured is also subject to a suit under KRS § 342.-055 as a negligent third party for its failure to make adequate safety inspections. No Kentucky court has yet determined this question.

Kentucky's Workmen's Compensation Act specifically immunizes an "employer" from the ordinary common law tort action for wrongful death of an employee. Its provisions, which include no-fault liability, are meant to be the exclusive remedy of the employee's personal representatives against the employer under most circumstances. Kentucky Revised Statutes § 342.015 (1962). We do

---

1. "342.055 [4890] Remedies when third party is legally liable.

Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employe may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. If the injured employe elects to proceed at law by civil action against such other person to recover damages, he shall give due and timely notice to the employer of the filing of such action. If compensation is awarded under this chapter, either the employer or his insurance carrier, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employe from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe. (1948 c. 64, § 5. Eff. 6–30–48.)"

not believe that under the factual allegations of this case Kentucky law extends the statutory immunity expressly granted to employers to the allegedly negligent acts or omissions of their insurance carriers.

Appellee contends that the insurance carrier is a part of the greater "employer unit" and betakes of the employer's immunity. The District Court agreed. It held under the authority of McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S.W. 1068, that the Workmen's Compensation Act deprives the appellants of their "common law right of action against the employer or anyone else except 'a third party having no connection with the work.'" However, the quoted language from *McEvilly* upon which the District Court relied was modified in the subsequent case of Peters v. Radcliff Ready Mix Concrete, Inc., 412 S.W.2d 854 (Ky. 1967). In *Peters* the Kentucky Court of Appeals stated:

> "It is our considered opinion that the statement in McEvilly to the effect that 'employer' includes anyone having any 'connection with the general work being performed' is far too broad. We think the meaning of 'employer' cannot be extended to people who have none of an employer's obligations (such as the principal contractor's workmen's compensation obligation to employes of a subcontractor) and who are not members of an integrated employment unit so that the employer's immunity envelops them." Peters v. Radcliff Ready Mix Concrete, Inc., *supra* at 856.

Thus, the highest court of the State of Kentucky has withdrawn from the position relied upon by the District Court that any connection with the broadly defined employment unit is sufficient to shelter the party with the employer's immunity. Rather such person may be subject to civil liability as "some other person" under KRS § 342.055 (1962).

The *Peters* case is not dispositive, however, of the instant case. It involved an action by an employee of a subcontractor against another subcontractor. Hence, we have no clear statement of Kentucky law as to whether an insurance carrier is to be considered an "employer" or "some other person" for purposes of immunity from the common law actions of the employees of an insured employer.

A review of the Kentucky constitution and revised statutes reveals that the personal representatives of an estate have a constitutionally protected right to recover for wrongful death, "unless otherwise provided by law." Constitution of Kentucky § 241. The General Assembly of Kentucky subsequently codified this constitutional right to recover for wrongful death and set out how the action should ordinarily be prosecuted and the amounts recovered distributed. Kentucky Revised Statute § 411.130 (1962). The Workmen's Compensation Act is an express exception to Kentucky's constitutional and statutory right to bring an action for recovery of damages from wrongful death. It expressly grants immunity from a tort action to "an employer," Kentucky Revised Statutes § 342.-015, or "a principal contractor, intermediate or subcontractor," Kentucky Revised Statute § 342.060. It grants a right of recovery to the "employer or his insurance carrier," for any indemnity it may have paid under workmen's compensation if "some other person than the employer" has "a legal liability to pay damages." At no time does the statutory framework of the Workmen's Compensation Act expressly grant immunity from suit by employees or their representatives to insurance carriers of the employer.

We do not feel that in order to foster the availability of insurance the Workmen's Compensation Act impliedly grants insurance carriers the immunity which the Kentucky Workmen's Compensation Act grants employers. While an insurer may be primarily liable for the workmen's compensation indemnity, KRS § 342.365 (1962), Kentucky law does not

require the insurance carrier to provide such insurance. Insurance carriers volunteer to participate in insuring workmen's compensation cases and need not undertake such contracts if they feel the premium will not justify the risk. Nowhere in the statutory framework is there an implication that the employer's insurance carrier should be granted immunity from his own negligent actions to induce him to insure employers seeking workmen's compensation insurance.

Just as insurance carriers are voluntarily induced into insuring workmen's compensation risks by the premiums they charge, so also do these carriers voluntarily engage in safety inspections to enhance their economic returns from their insurance coverage. Promises to make safety inspections are not taken because there is a workmen's compensation law, but are made to reduce industrial accidents and enhance carrier profits. There is nothing in the history of the Kentucky legislation which suggests that the law sought to encourage insurance inspections by granting immunity to an insurance carrier for allegedly making negligent inspections or negligently failing to make a promised safety inspection.

While we are charged to construe the Workmen's Compensation Act "liberally," KRS § 342.004, we believe that the General Assembly did not eliminate, explicitly or implicitly, an employee's right under the Kentucky constitution to bring an action for wrongful death against an allegedly negligent insurance carrier of his employer.

Since we are bound to decide this case as we believe the courts of Kentucky would have done, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the decisions of this Court of Appeals and others involving similar laws in other states are of marginal relevance. It should be noted, however, that the Workmen's Compensation Acts of Michigan, Ray v. Transamerica Insurance Co., 10 Mich.App. 55, 158 N.W.2d 786, leave to appeal denied, 381 Mich.

766 (1968), of Iowa, Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 121 N.W.2d 361 (1963) and of Pennsylvania, Mays v. Liberty Mutual Insurance Co., 323 F.2d 174 (3d Cir. 1963) have all been construed by courts as not bestowing the employer's immunity from an action in tort upon his insurance carrier. But see cases collected at 93 A.L.R.2d 591 for listing of state courts which have found that under Workmen's Compensation Acts of other states the insurance carrier has been treated as an "employer." We are particularly impressed with the ratio decidendi of the Court of Appeals for the Third Circuit in considering the Pennsylvania Workmen's Compensation Act, Mays v. Liberty Mutual Insurance Company, 323 F.2d at 178, in which they strongly suggest that not only is an insurance carrier not expressly or impliedly induced into offering insurance by an expectation of receiving an employer's immunity from negligent acts or omissions, but also that an insurance carrier who is to be held liable for allegedly negligent safety inspections still has a strong economic incentive to promise to make, and to make, safety inspections so as to reduce industrial accidents and increase his profits.

In that the Kentucky Court of Appeals seems to be narrowing the concept of employer's immunity under its workmen's compensation laws and in the absence of any compelling statutory language or social policy justification that would lead us to believe that the General Assembly intended to immunize from suit allegedly negligent actions of insurance carriers, we believe that Kentucky Courts will preserve that State's constitutional and statutory right of the personal representatives of the deceased to bring an action for wrongful death.

The order of the District Court dismissing appellants' cause of action is reversed. The cause is remanded for proceedings consistent with this opinion.

PHILLIPS, Chief Judge (dissenting). I respectfully dissent.

This Court is obligated to apply the State law of Kentucky in the present case. The majority opinion recognizes that there is no reported decision by any court of the Commonwealth of Kentucky determining the question presented on this appeal, and that Peters v. Radcliff Ready Mix Concrete, Inc., 412 S.W.2d 854 (Ky.1967) is not dispositive.

As stated accurately in the majority opinion, we are required under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, to decide this case as we believe the Court of Appeals of Kentucky would have done. Having examined the Kentucky Workmen's Compensation Act and the authorities referred to in the opinion of the District Judge, I doubt that the Court of Appeals of Kentucky would reach the result pronounced by the majority opinion. To the contrary, I believe the Kentucky courts would agree with the decision of District Judge James F. Gordon. The effect of the majority opinion is to construe the State statute so as to permit this Court to recognize an obligation growing out of inspections by workmen's compensation insurance carriers in Kentucky that is not expressly required by statute nor imposed by any reported decision of the Commonwealth. To prescribe and expand duties and liabilities under the Workmen's Compensation Law of the Commonwealth is the prerogative of the Legislature and Courts of Kentucky.

As author of the opinion in Ruth v. Bituminous Casualty Corp., 427 F.2d 290 (6th Cir.), a Michigan diversity case, I refused to follow the earlier decision of this Court in Kotarski v. Aetna Casualty & Surety Co., 372 F.2d 95 (6th Cir.), affirming 244 F.Supp. 547 (E.D.Mich.), which was relied upon by Judge Gordon. The opinion in Ruth v. Bituminous Casualty Corp., *supra* is grounded on the decision of the Court of Appeals of Michigan in Ray v. Transamerica Insurance Co., 10 Mich.App. 55, 158 N.W.2d 786, leave to appeal denied, 381 Mich. 766. I find no Kentucky decision expressing thinking analogous to *Ray* and believe Judge Gordon's analysis of Kentucky law

to be correct. The opinion of Judge Gordon is made an appendix to this dissenting opinion.

## APPENDIX TO DISSENTING OPINION

### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY AT OWENSBORO

ANNA MAE BRYANT, Administratrix of the Estate of JAMES McKINLEY BRYANT, Deceased, et al,

Plaintiffs,

v.

HERCULES, INCORPORATED and THE OLD REPUBLIC INSURANCE COMPANY,

Defendants.

Civil Action No. 2396

### OPINION AND ORDER

* * *

(Filed October 1, 1969)

This matter comes on before the Court on the motion of the defendant, Old Republic Insurance Company, pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure, to dismiss this action against it for failure to state a claim upon which relief can be granted. Having heard oral arguments by counsel at a hearing on September 9, 1969, and having considered the authorities submitted by counsel for the parties, it is the Court's opinion that this controversy resolves itself simply to a determination of whether or not Old Republic Insurance Company is "some other person" within the contemplation of the Kentucky Workmen's Compensation Act, KRS 342.055, and, therefore, subject to common law tort liability.

It is alleged in the complaint that the plaintiffs' decedents were employees in the River Queen Mine of Peabody Coal Company in Muhlenberg County, Kentucky on August 7, 1968 and that while in the course of their employment each

was killed by reason of an explosion occurring in said mine. It is further alleged in the complaint that the defendant, Old Republic Insurance Company, was the workmen's compensation insurance carrier for Peabody Coal Company at the mine in question at the time of the explosion in question; that said defendant had the duty, or assumed the duty, to make safety inspections in the mine; that it negligently made and/or failed to make such inspections; and that it negligently failed to take proper action after making inspections.

The plaintiffs in this action are not suing Old Republic Insurance Company to collect the sums due them under the Kentucky Workmen's Compensation Act, but rather their suit is predicated on the ground of common law negligence under the third-party liability provision of KRS 342.055. The Kentucky Court of Appeals in McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S.W. 1068, has instructed that the Workmen's Compensation Act of Kentucky, KRS 342.001 et seq., entitles the personal representative of a deceased employee, fatally injured in the course of his employment, to certain, but limited, compensation benefits and deprives that party of his common law right of action against the employer or anyone else except "a third party having no connection with the general work." We find that the workmen's compensation insurance carrier is not a third person within the contemplation of the Workmen's Compensation Act of Kentucky.

Under the provisions of the Workmen's Compensation Act of Kentucky the insurance carrier, in reference to compensable injuries, is equated with the employer and has a primary and direct obligation to injured employees or their dependents enforceable by them against said carrier. KRS 342.015; 342.055; 342.340; 342.360; 342.365; McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S.W. 1968; Davis v. Solomon, Ky., 276 S.W.2d 674; Miller v. Scott, Ky., 339 S.W.2d

941. As pointed out in Kotarski v. Aetna Casualty and Surety Co., 244 F.Supp. 547 (E.D.Mich.1965), affirmed per curiam 372 F.2d 95 (C.A.6th 1967), "[i]t is this primary, unvariable responsibility which makes the workmen's compensation insurance carrier so vital to the effectiveness of the Michigan workmen's compensation scheme, and which militates against holding the insurer liable to suit as a third-party without the express authorization of the legislature." (At p. 557.)

We are fortified in our opinion that the workmen's compensation insurance carrier is immune from liability as a third party tort feasor by the following decisions applying workmen's compensation acts of various states similar in their compensatory scheme to the Kentucky Act: Williams v. United States Fidelity and Guaranty Co., 358 F.2d 799 (C.A.4th 1966) (Virginia Workmen's Compensation Act); Mustapha v. Liberty Mutual Insurance Co., 387 F.2d 631 (C.A. 1st 1967) (Rhode Island Workmen's Compensation Act); Bartolotta v. United States, 276 F.Supp. 66 (D.Conn.1967) (Connecticut Workmen's Compensation Act); Donohue v. Maryland Casualty Co., 248 F.Supp. 588 (D.Md.1965) (Maryland Workmen's Compensation Act); Horne v. Security Mutual Casualty Co., 265 F. Supp. 379 (E.D.Ark.1967) (Arkansas Workmen's Compensation Act); and Clark v. Employers Mutuals of Wausau, 297 F.Supp. 286 (E.D.Pa.1969) (Pennsylvania Workmen's Compensation Act).

Accordingly, it is hereby ordered that the motion of the defendant, Old Republic Insurance Company, to dismiss the complaint as to it, be and the same is hereby sustained, and the said Old Republic Insurance Company be and the same is hereby dismissed.

This *29th* day of September, 1969.

/s/ JAMES F. GORDON

United States District Court Judge