Mr. Clay Whaley, Chairman Arkansas Fire Training Academy Board P.O. Box 3499 Camden, AR 71701
Dear Mr. Whaley:
This opinion amends Opinion Number 90-182, issued on July 27, 1990, and is intended to substitute for and supersede that opinion.
This is in response to your request for an opinion concerning a member's continuance on the Arkansas Fire Training Academy Board following excessive absences. Your question is stated as follows:
 During the past year, attendance at the regular quarterly meetings has been low. There has not been a quorum at the past three meetings.
 Would you write us an opinion as to whether there are any laws that apply to the issue of continuance on this board after excessive absence from meetings. We need to know if failing to attend a certain number of meetings is grounds for replacement of the board members who are absent.
The organization of the Arkansas Fire Training Academy Board ("Board" is set forth under A.C.A. 12-13-202. The fifteen members are to be appointed by the Governor and confirmed by the Senate. A.C.A. 12-13-202(a). Members are appointed for five-year terms, and the board must meet at least quarterly. A.C.A. 12-13-202(c) and (e). The Board has the authority and responsibility to advise the Chancellor at Southern Arkansas University, Southwest Technical Branch (SAU-Tech), on service needs, curriculum, instructional content, and problems at the Academy. A.C.A. 12-13-203.
The procedures outlined under A.C.A. 25-16-804 with regard to the removal and replacement of board and commission members are thus applicable in connection with the Fire Training Academy Board. Subsection (b)(1) of 25-16-804 states in pertinent part:
 The Governor may remove, for good cause, a state board or commission member whose office or position is filled by gubernatorial appointment, subject to confirmation by the Senate.
"Good cause" is defined under 25-16-804(a)(1) as including:
 (A) Conduct constituting a criminal offense involving moral turpitude;
(B) Gross dereliction of duty; or
(C) Gross abuse of authority.
"Good cause" does not include "any vote, decision, opinion, or other regularly performed or otherwise reasonable exercised power of a board or commission member." A.C.A.25-16-804(a)(2).
Removal authority with respect to these Board members is thus vested in the Governor, subject to Senate confirmation. A.C.A. 25-16-804(b)(1). The Governor has the burden of proof, under 25-16-804(e)(2), to show "by clear and convincing evidence" that there was good cause for the Board member's removal.
While it is my opinion that failure to attend Board meetings may form the basis for a "good cause" determination, all of the particular facts and circumstances would have to be considered, particularly in light of the stringent "clear and convincing" burden of proof. Other evidence of a member's participation in the Board's duties and responsibilities would, it seems, be relevant to be a "good cause" determination under this Code section.
In addition to the above, A.C.A. 25-17-211 must be considered with respect to successive regular meetings missed by members of honorary boards and commission. See generally Walther v. McDonald, 243 Ark. 912, 412 S.W.2d 854 (1968). This Code section states:
 (a) Any board or commission member who shall be absent from two (2) successive regular meetings shall be subject to removal from the board of commission in the event he shall fail to present to the Governor a satisfactory excuse for his absence. In that event, the unexcused absence shall constitute sufficient cause of removal.
 (b) Any board or commission member who shall be absent from three (3) successive regular meetings for any reason other than illness of the member, verified by a written sworn statement by his attending physician and entered in the minutes of the board or commission, shall thereby forfeit and vacate his membership on the board or commission. This forfeiture and vacancy shall be forthwith certified to the Governor or other appointing authority by the secretary of the board of commission, who shall fill the vacancy in the manner prescribed by law.
The legislature has not provided a definition of "honorary" boards and commission. The term "honorary" is defined in part in Black's Law Dictionary (5th ed. 1979) as follows:
 As applied to public offices and other positions of responsibility or trust, this term means either that the office or title is bestowed upon the incumbent as a mark of honor or compliment, without intending to charge him with the active discharge of the duties of the place, or else that he is to receive no salary or other compensation in money, the honor conferred by the incumbency of the office being his only reward.
Black's at 663.
One of the dissents to the majority decision in Walther v. McDonald, supra, suggests that the majority accepted the contention in that case that the Public Service Commission is not an "honorary" commission because, in part, its powers and duties are many and varied and its members are paid substantial salaries. 243 Ark. at 923. The dissent suggests that the majority was persuaded that, by contract, honorary commission members are not paid a salary but receive a per diem only, and their responsibilities are less, requiring fewer meetings. ID.
This dissent offers one of the few indications of what, in the court's estimation, constitutes an "honorary" board or commission. The case suggests that the court would consider the fact of no compensation to be relevant, as well as the nature of the powers and duties imposed. While the issue is not easily resolved with respect to the Arkansas Fire Training Academy Board, it is my opinion that a court would in all likelihood conclude that its members are subject to A.C.A. 25-17-211. Thus, in addition to the removal procedures authorized under A.C.A. 25-16-804, successive absences from two (2) regular meetings will subject members to removal, if there are no satisfactory excuses; and a member's absence from three (3) successive regular meetings for any reason other than illness will result in forfeiture of the membership.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb
[1] SAU-Tech is the site of the Academy. A.C.A. 12-13-201.
[2] This burden of proof applies in a circuit court action where a board member has instituted proceedings for reviewing his removal. A.C.A. 25-16-804(d) and (e).