KERNER and others, Plaintiffs: VEVERKA, Plaintiff and
Appellant, v. EMPLOYERS MUTUAL LIABILITY INSUR-
ANCE COMPANY, Defendant and Respondent.

*May 10—June 6, 1967.*

For the appellant there were briefs by *Irving D. Gaines*, attorney, and *David A. Saichek* of counsel, both of Milwaukee, and oral argument by *Mr. Gaines*.

For the respondent there was a brief by *Hart, Kraege, Jackman, Wightman & Bieber* of Madison, attorneys, and *Klueter, Larson & MacKenzie* of Wausau and *John D. Thiel* of Madison of counsel, and oral argument by *W. L. Jackman*.

WILKIE, J. The sole issue presented on this appeal is whether sec. 102.03 (2), Stats., prevents the bringing of a third-party action against the defendant, the workmen's compensation carrier of the employer, as provided by sec. 102.29.

Sec. 102.29 (1), Stats., provides:

"The making of a claim for compensation against an employer or compensation insurer for the injury . . . of an employe shall not affect the right of the employe . . . to make claim or maintain an action in tort against any other party for such injury . . . hereinafter referred to as a third party; nor shall the making of a claim by any such person against a third party for damages by reason of an injury to which sections 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employe . . . to recover compensation. . . ."

Appellant contends that this statute permits a third-party-liability suit against Employers Mutual, the workmen's compensation carrier, for negligent safety inspection of the Flambeau premises or for negligent failure to report the findings of the inspection to Flambeau and insist upon correction. To maintain this action appellant must establish the right to sue the workmen's compensation carrier as a third party.

The language of sec. 102.29 (1), Stats., itself negatives appellant's right to maintain a suit against the work-

men's compensation carrier as a third party. Sec. 102.29 (1) provides that:

"The making of a claim for compensation against an employer or compensation insurer for the injury . . . of an employe shall not affect the right of the employe . . . [to bring action] . . . against *any other party* for such injury . . . , hereinafter referred to as a third party; . . . ." (Emphasis supplied.)

This language articulately states that a third-party-liability suit can only be brought against parties other than the compensation insurer. An employee can make a compensation claim against a compensation insurer and can bring suit against any other party for a third-party-liability action.

The right of an employee to bring a third-party-liability suit against a workmen's compensation insurer also appears to be barred by sec. 102.03 (2), Stats. Sec. 102.03 (1) and (2) provides:

"(1) Liability under this chapter shall exist against an employer only where the following conditions concur:
"(a) Where the employe sustains an injury.
"(b) Where, at the time of the injury, both the employer and employe are subject to the provisions of this chapter.
"(c) 1. Where, at the time of the injury, the employe is performing service growing out of and incidental to his employment. . . .
". . .
"(e) Where the accident . . . causing injury arises out of his employment.
". . .
"(2) Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer *and the workmen's compensation insurance carrier.*" (Emphasis supplied.)

Under this statute recovery of compensation, as provided by workmen's compensation law, is the exclusive

remedy of the employee against both the employer and its insurance carrier for injuries sustained by the employee while performing services growing out of his employment.

Appellant argues that the action in the case at bar is based upon common-law liability and cites *Severin v. Luchinske* [1] for the proposition that sec. 102.29, Stats., did not create a new cause of action nor did it impair or enlarge a remedy which existed at common law. *Severin v. Luchinske* was a third-party action against a fellow employee and not a workmen's compensation insurer. The case held that actions against fellow employees were common-law actions which were not abolished by the workmen's compensation statutes. The case did not consider the problem of whether workmen's compensation insurers could be sued as third parties at common law.

Even if *Severin v. Luchinske* could be construed to permit third-party actions against a workmen's compensation insurer, the case was decided in 1955 and would not be controlling today. In 1955 sec. 102.03 (2), Stats., read as follows:

"Where such conditions exist the right to the recovery of compensation pursuant to the provisions of this chapter shall be the exclusive remedy against the employer."

In 1961 the Wisconsin legislature amended sec. 102.03 (2), Stats., to read, as it stood at the time of the injuries here involved, as follows:

"Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer *and the workmen's compensation insurance carrier.*" (Emphasis supplied.) [2]

This change in the law evinces a clear legislative intention to exclude the insurance carrier from all third-

---

[1] (1955), 271 Wis. 378, 73 N. W. (2d) 477.

[2] Ch. 269, Laws of 1961.

party-liability suits. Coming later than *Severin v. Luchinske*, it overrules any interpretation of that case supporting an action by an employee against the compensation insurer as a third party.

A study of the legislative history of the amendment to sec. 102.03 (2), Stats., clearly indicates the legislative intention to exclude compensation insurers as third parties. The language of this amendment was very broad and sweeping. The amendment proposed that sec. 102.03 (2) be amended to read:

"Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer, *the workmen's compensation insurance carrier, or a fellow employe of the employer except where injury is wilfully or maliciously inflicted by such fellow employe.*" (Emphasis supplied.) [3]

Thus, the language of this bill would not only have eliminated actions against the compensation insurer, but also causes of action against fellow employees for injuries occurring at work due to the ordinary negligence of the fellow employee.

On May 25, 1961, Assemblyman Anderson offered an amendment to Bill 431, S., which removed the language eliminating a third-party cause of action against fellow employees. The language eliminating a cause of action against the workmen's compensation insurer remained in the bill, however, and was enacted into law.

Appellant cites several cases from other jurisdictions which establish the right of an employee to maintain a common-law action for negligence against a workmen's compensation insurance carrier.[4] In none of these states,

---

[3] Bill No. 431, S., as introduced on March 23, 1961.

[4] Anno. 93 A. L. R. (2d) 598; *Fabricius v. Montgomery Elevator Co.* (1963), 254 Iowa 1319, 121 N. W. (2d) 361; *Mays v. Liberty Mut. Ins. Co.* (3d Cir. 1963), 323 Fed. (2d) 174; *Smith v. American Employers' Ins. Co.* (1960), 102 N. H. 530, 163 Atl. (2d) 564;

however, was the compensation claim of the employee under the Workmen's Compensation Act, the exclusive remedy against the insurance carrier by statute. All of these cases turn on the fact that the state legislature had not extended the immunity of the employer from a third-party suit to the workmen's compensation insurance carrier, and the court was unwilling to do so. In fact, following the decision in the *Smith Case*,[5] the New Hampshire legislature expressly excluded the insurance carrier from liability.[6]

These cases are summarized in 2 Larson, Law of Workmen's Compensation, 1967 cumulative supplement, sec. 72.10, at pages 172, 173, as follows:

*"Immunity of Insurance Carriers*

"The immunity of the employer's workmen's compensation insurance carrier has been recognized or denied depending upon the extent to which the carrier is identified with the immune employer. The identity in turn depends upon the alleged tortious act involved, such as negligence in furnishing proper medical care or in performing safety-inspection services.

"By specific statutory provisions, the compensation carrier shares the employer's immunity in five states: Indiana (Ind. Ann. Stat. sec. 40–1205); New Hampshire (N. H. Rev. Stat. Ann. secs. 281:2; 281:12); New Mexico (N. M. Stat. Ann. sec. 59–10–4(F)); Texas (Article 8306, sec. 3); and Wisconsin (Wis. Stat. sec. 102.03 (2)). The Texas provision limits the carrier's immunity to activities or services undertaken by the carrier for the prevention of accidents."

*Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. (2d) 69, 199 N. E. (2d) 769.

[5] *Supra*, footnote 4.

[6] New Hampshire RSA sec. 281:14 now provides: "When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer, *or the employer's insurance carrier*, a legal liability to pay damages in respect thereto, the injured employee, in addition to the benefits of this chapter, may obtain damages from or proceed at law against such other person to recover damages." (Emphasis supplied.)

Cases in these other jurisdictions demonstrate that the extension of third-party-suit immunity to insurance carriers is a question of statutory interpretation.

In *Mays v. Liberty Mut. Ins. Co.*[7] the court permitted a third-party suit against the insurance carrier. The court stated, at page 177:

"It is beyond dispute that the Act affects only the legal relations between employer and employee and does not purport to alter the employee's rights against third parties. On the contrary, the statute acknowledges the viability of those rights. . . .

"We conclude therefore that this suit is not barred by the Pennsylvania Workmen's Compensation Act. . . ."

In *Smith v. American Employers' Ins. Co.*[8] the New Hampshire court also permitted such a suit saying, at page 534:

"Since the question of the carrier's tort liability is purely one of local law, dependent upon the statute, authorities in other jurisdictions cited by the defendant and depending on different statutes and policies are neither controlling nor persuasive."

But in *Kotarski v. Aetna Casualty & Surety Co.*[9] the court held that the employee did not have a third-party cause of action against the compensation insurer under Michigan law. The court declared that Michigan statutes extended the immunity of the employer from third-party suits to the workmen's compensation insurer.

Appellant argues that depriving an employee of the right to sue an insurance carrier deprives the employee of his common-law-tort remedy without affording to him an adequate remedy in its place. First, the legislature undoubtedly felt that the employee's rights under the workmen's compensation statute were an adequate substitute. Second, where safety standards are not main-

---

[7] *Supra,* footnote 4.

[8] *Supra,* footnote 4.

[9] (D. C. Mich. 1965), 244 Fed. Supp. 547.

tained as required by the industrial commission's regulations, sec. 102.57, Stats., provides for a 15 percent penalty in addition to the regular benefits which must be paid by the insurance carrier. Third, the employee's argument is based on an improper interpretation of sec. 9, art. I of the Wisconsin constitution, which provides:

"Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws."

The employee's right to a remedy for a wrong is modified by the phrase "conformably to the laws." This phrase gives the legislature the power to regulate the remedies for wrongs.[10]

Appellant's final argument is that the workmen's compensation insurance carrier was also the public liability carrier and that as such Employers Mutual should not be immune from suit arising out of its own independent acts of negligence. Appellant asserts that the negligent inspections were made by Employers in both capacities. The dual roles of the compensation insurance carrier are so intertwined that the existence of the compensation claim as the exclusive remedy means no cause of action against that carrier in its capacity of public liability carrier.

*By the Court.*—Judgment affirmed.

[10] *Metzger v. Department of Taxation,* ante, p. 119, 150 N. W. (2d) 431.