RAY v. TRANSAMERICA INSURANCE COMPANY.

1. NEGLIGENCE—GRATUITOUS ACT—TORTS.
    One who assumes to act, even though gratuitously, becomes liable if he fails to act with due care.

2. SAME—TORTS—WORKMEN'S COMPENSATION INSURANCE CARRIER.
    A workmen's compensation insurance carrier is not immune from common-law tort liability for its own acts of negligence causing injury to the employee.

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  38 Am Jur, Negligence § 17.
[2, 3, 11, 12] Right of employee to maintain common-law action for negligence against workmen's compensation insurance carrier. 93 ALR2d 598.
[4, 6, 7]  58 Am Jur, Workmen's Compensation § 81 *et seq.*
[5]  58 Am Jur, Workmen's Compensation § 26 *et seq.*
[8]  58 Am Jur, Workmen's Compensation § 377.
[10] Limitation of action by employee, his representative or beneficiaries, against third person for injury or death of employee as affected by the provisions of the workmen's compensation act. 143 ALR 284.

3. WORKMEN'S COMPENSATION—COMPENSATION INSURANCE CARRIER.

Workmen's compensation insurance carrier may be a third party within the meaning of the workmen's compensation act (CLS 1961, § 413.15).

4. SAME—NEGLIGENCE—COMPENSATION CARRIER—EMPLOYER.

The legislature did not specifically equate "employer" with "compensation carrier" in the workmen's compensation act so as to render the latter immune from its own independent acts of negligence (CLS 1961, § 413.15).

5. SAME—STATUTORY INTERPRETATION.

Court of Appeals is charged in construing the workmen's compensation act with giving words their ordinary and commonly understood meaning within the context in which they are used (CL 1948, § 411.1 *et seq.*).

6. SAME—EMPLOYER—INSURER.

The definition of "employer" in the workmen's compensation act does not include the insurer (CL 1948, § 411.5).

7. INSURANCE—WORKMEN'S COMPENSATION—"EMPLOYER".

"Employer" is used to mean the one who employs and although the term has undergone some recent evolution the compensation insurance carrier cannot be an employer of its insured's servants.

8. WORKMEN'S COMPENSATION—NOTICE OF INJURY.

No proceedings to recover compensation under the workmen's compensation act may be maintained unless a notice of the injury shall have been given to the employer and notice to the employer's insurance carrier does not suffice (CL 1948, § 412.15, as amended by PA 1954, No 175).

9. SAME—MEDICAL EXAMINATION.

Workmen's compensation act recognizes "employer" and "insurer" as separate entities in giving to each, by name, the right to request a medical examination (CL 1948, § 412.19, as amended by PA 1955, No 250).

10. SAME—NEGLIGENCE.

Court of Appeals will not read into the workmen's compensation act a provision in derogation of the common-law right of an injured employee to sue a negligent third party for damages (CL 1948, § 411.1 *et seq.*).

11. INSURANCE—SUBROGATION.

> The result of a defendant insurer being subrogated to the rights of its own plaintiff for the amount of the insurance paid to him is not overly incongruous and is not persuasive that the legislature intended to abolish the employee's action against an insurer for its own negligence.

12. WORKMEN'S COMPENSATION—SUMMARY JUDGMENT.

> Denial of motion for summary judgment by workmen's compensation insurance carrier which had been sued as a third-party tort-feasor *held,* proper, where noting indicates that the legislature intended to blend the jural personalities of employer and an insurer so as to bar a common-law action against the insurer.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted Division 1 May 4, 1967, at Detroit. (Docket No. 2,724.) Decided March 22, 1968. Leave to appeal denied July 24, 1968. See 381 Mich 766.

Complaint by Clarence Ray against Transamerica Insurance Company, a California corporation, for damages for loss of his hand as he was operating a punch press on October 5, 1964. Defendant's motion for summary judgment denied. Defendant appeals. Affirmed.

*Kelman, Loria, Downing & Schneider,* for plaintiff.

*Sugar, Schwartz & Silver,* for defendant.

T. G. KAVANAGH, J. Plaintiff lost his hand as he was operating a punch press on the premises of his employer. He has brought this action against defendant, workmen's compensation insurance carrier for the employer, as a third-party tort-feasor, under part 3, § 15 of the workmen's compensation act,[1] al-

[1] CL 1948, § 413.15, as amended by PA 1952, No 155 (CLS 1961, § 413.15 [Stat Ann 1960 Rev § 17.189]).

leging that defendant voluntarily undertook to pro-
vide safety inspection services on the employer's
premises and that it negligently performed this un-
dertaking. The legal theory upon which plaintiff
bases his claim is the recognized principle that one
who assumes to act, even though gratuitously, be-
comes liable if he fails to act with due care. See
*Hart* v. *Ludwig* (1956), 347 Mich 559.

Defendant moved for summary judgment on 6
listed grounds. The first was that plaintiff's sole
and exclusive remedy was under the workmen's com-
pensation act; another that the complaint failed to
state a claim upon which relief could be granted; and
the others that there were no genuine issues of ma-
terial fact, thus entitling defendant to judgment as
a matter of law.

In denying the motion the trial court concluded
that there were issues of fact raised by the plead-
ings which could only be resolved by the jury and
that the complaint, if accepted as true, did state a
claim upon which relief could be granted. He also
concluded that the workmen's compensation act did
not bar the action because the employer's compensa-
tion insurer is not immune from suit under the
third-party tort-feasor provision, *supra*. It was this
latter conclusion that prompted our grant of leave
to consider this interlocutory ruling, for we regard
the immunity question as an important one which
warrants consideration. We address ourselves to it
alone, for we are not persuaded that the trial judge
erred in his rulings on the other grounds.

Several courts in different jurisdictions have de-
cided this question under the compensation acts
obtaining in those jurisdictions. The decisions por-
tray a kaleidoscope of judicial thought and no doubt
other courts will come to labor over this decision as
we have labored over theirs. The problem before us
is the interpretation of the legislative intent ex-

pressed in the Michigan workmen's compensation act.

We have concluded that a compensation carrier is not immune from common-law tort liability for its own acts of negligence causing injury to the employee. The compensation insurance carrier may be a third party within the meaning of the Michigan act.

Insofar as is pertinent here, section 15, *supra,* provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof * * * such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party."

In enacting this provision the legislature did not specifically equate "employer" with "compensation carrier" so as to render the latter immune from its own independent acts of negligence. Had it so intended, the express words of identity would have been a simple matter. In construing the act this Court is charged, within the context in which the words are used, with giving those words their ordinary and commonly understood meaning. *King* v. *Davidson* (1917), 195 Mich 157.

Defendant contends, however, that the insurer is equated with the employer under the act and that therefore the immunity of the employer under section 15 extends to the insurer and protects it from suit. Nowhere in the act has the legislature indicated any intention to identify the employer with its compensation carrier. The definition of "employer" in the act does not include the insurer. See CL 1948, § 411.5 (Stat Ann 1960 Rev § 17.145). Even where

identical rights are enjoyed by each, the legislature has granted those rights separately to each. A brief review of some of the provisions of the act will serve to illustrate this point.

The title of the act refers to the "liability of employers for injuries or death sustained by their employees" and part 1, § 4, provides that compensation benefits shall be the "exclusive remedy against the employer." CL 1948, § 411.4 (Stat Ann 1960 Rev § 17.144). It would seem the legislature in using "employer" in section 4 was referring to the same "employer" as found in the title of the act, *viz.*: the one who employed the injured employee. "Employer" is used to mean the one who employs and although the term has undergone some recent evolution (*Goodchild* v. *Erickson* [1965], 375 Mich 289, 293) the carrier cannot be said to be an employer of its insured's servants.

Part 2, § 15,[2] provides that no proceedings for compensation may be maintained "unless a notice of the injury shall have been given to the *employer*." (Emphasis supplied.) Again, the use of the term "employer" is used to mean the one who employs. In *Dochoff* v. *Globe Construction Co.* (1920), 212 Mich 166, the employee claimant alleged that timely notice upon the employer's insurer was a compliance with the statute's notice requirements. Part 2, § 15 of the act as it then stood is identical to that portion of the section as it now reads which we have indicated. The Court rejected claimant's argument, stating (212 Mich at p 173):

"Their only business relations were as insurer and insured. There is nothing in the act either expressly recognizing such relation as creating the insurer an agent of the insured for the purpose of being served with such notice, nor inferentially impressing upon

2 CL 1948, § 412.15, as amended by PA 1954, No 175 (Stat Ann 1960 Rev § 17.165).

the insurance company in which an employer may hold a policy the representative character and derivative authority which are the distinguishing features of an agent. Under the act the liability of the employer to the employee is direct and positive. The latter is not relegated to seek compensation from an insurance company because it may be holden by contract with the employer to indemnify him, or it, from loss. The insurance is but added security that the employer will pay the determined compensation to the injured employee. *Mackin* v. *Detroit-Timkin Axle Co.,* 187 Mich 8."

In part 2, § 19, CL 1948, § 412.19[3] (Stat Ann 1960 Rev § 17.169), the legislature has given the employer of the injured employee the right to request a medical examination. The same right was given to the employer's insurer, but expressly so by the use of the term "insurance company" disjunctively with the term "employer."

Again, in part 3, § 5a, CL 1948, § 413.5a (Stat Ann 1960 Rev § 17.179), the legislature has used "employer" and "insurer" in the disjunctive in relation to taking statements from the injured employee. The exact words used are: "employer, insurer or any agent of either."

Defendant now asks us to suppose that in part 3, § 15 the legislature has intended to include "insurer" by its sole use of the word "employer." We cannot accept this interpretation. To so hold would be to give greater meaning to the words used than is obvious the legislature itself intended to give, and would be an enlargement of the terms of the act by judicial fiat. This we are loath to do. See *Scott* v. *Alsar Company* (1953), 336 Mich 532.

---

[3] As amended by PA 1949, No 238, PA 1954, No 175, and PA 1955, No 250 (CLS 1961, § 412.19 [Stat Ann 1960 Rev § 17.169]).

In the same part 3, § 15 the legislature in following paragraphs returns to the disjunctive identities of the employer and the insurer.

The right which plaintiff asserts is a common-law right as to which the act has provided a statutory defense in favor of plaintiff's employer and his co-workers. See *Woods* v. *Ford Motor Company* (1955), 342 Mich 518. This Court will not read into the act a provision in derogation of the common-law right of an injured employee to sue a negligent third party for damages.

Defendant finds support for its position in the opinion of Judge Kaess in *Kotarski* v. *Aetna Casualty & Surety Company* (ED Mich 1965), 244 F Supp 547 (aff'd [CA6, 1967] 372 F2d 95). For all intents and purposes, the facts of *Kotarski* are identical to those now before this Court. Judge Kaess, however, reaches the opposite conclusion.

Of signal importance to Judge Kaess was the provision of part 3, § 15 giving the employer or its insurer the right to proceed directly against the third-party tort-feasor as subrogees to the rights of the injured employee. To this extent the subrogation provision is as much for the benefit of the employer and its insurer as it is for the employee, but the oddity under the act of an insurer being permitted to sue itself (under our construction) does not weigh so heavily in our minds. The distinguished Federal bench has been confronted with odder quirks of circumstance under the act without necessity of construing the act to strain the legislative expression. See Judge Levin's opinion in *Miller* v. *J. A. Utley Construction Co.* (ED Mich 1957), 154 F Supp 138, cited with approval in *Schulte* v. *American Box Board Company* (1959), 358 Mich 21, 28.

The result of a defendant insurer being subrogated to the rights of its own plaintiff for the amount of

the insurance paid to him is not overly incongruous. It is at least not so impossible a situation that we can hypothesize, language notwithstanding, that the legislature would never have intended this result to come to pass.

In *Mager* v. *United Hospitals of Newark* (1965), 88 NJ Super 421 (212 A2d 664), this very same situation was dealt with under the New Jersey compensation act. The trial judge, in deciding whether that act's third-party provision included or excluded the insurer, ruled that the insurer was immune. Great reliance was placed on the apparent incongruity of the insurer suing itself as a subrogee. The appellate division was not so persuaded—it ruled that the apparent incongruity is reconciled by allowing the defendant-insurer a setoff for the compensation paid. The appellate division was affirmed, 46 NJ 398 (217 A2d 325).

Many of the cases cited in *Kotarski* are distinguishable on the particular statutory language there involved,[4] some simply reach a contrary conclusion. The Maryland decisions are contrary to the view which we have taken. In *Flood* v. *Merchants Mutual Insurance Company* (1963), 230 Md 373 (187 A2d 320), the Court took the position that the phrase "other than the employer" did not include the insurer. Like the New Jersey trial court in *Mager, supra,* Maryland appears to rely heavily on the subrogation dilemma to which we have already referred. *Flood* was followed in *Donohue* v. *Maryland Casualty Company* (DC Md 1965), 248 F Supp 588. The reasoning of *Donohue* is that under Maryland law, when a carrier assumes the duties of an employer, either common law or statutory, it stands in the shoes of the employer.

---

[4] The *Mager* citation in *Kotarski* (244 F Supp at p 557) was that of the New Jersey trial court which was overruled subsequent to the *Kotarski* decision as previously indicated.

We cannot say that as a matter of law the duty assumed in this case was the duty of the employer and not an independent undertaking on the part of the insurer for its own internal purposes. Perhaps the duty assumed was coincident with that of the employer, but was that what the insurer is asserted to have assumed?

In *Kerner* v. *Employers Mutual Liability Insurance Co.* (1967), 35 Wis 2d 391 (151 NW2d 72), the court held that the carrier was immune. The claimant there relied on the earlier case of *Severin* v. *Luchinske* (1955), 271 Wis 378 (73 NW2d 477), where the statute provided that compensation shall be the "exclusive remedy against the employer." By the time *Kerner* was decided the statute had been amended to provide that a claim against the employer or compensation insurer would not bar a claim in tort against "any other party." It was held that this amendment negated the intent to allow a third-party suit against the insurer. The Wisconsin amended act also expressly provided that "the right to recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer *and the workmen's compensation insurance* carrier."

The distinction between the Wisconsin and Michigan provisions is apparent.

*Horne* v. *Security Mutual Casualty Company* (ED Ark 1967), 265 F Supp 379, is contrary but can be distinguished on the wording of the Arkansas third-party provision. The Arkansas act is similar to the amended Wisconsin act in *Kerner* in that it speaks of the "employer or carrier" immediately followed by "any third party."

The Virginia compensation act defines employer as including the insurer so far as applicable. Thus in *Williams* v. *U. S. Fidelity & Guaranty Co.* (CA 4, 1966), 358 F2d 799, the court held that a third

party under the Virginia act means "a stranger to the business" and did not include the compensation carrier. Although the court compared the carrier's immunity in Virginia to that in Michigan, it did so on the basis of the *Kotarski* holding rather than on any similarity in the respective statutes.

*Mays* v. *Liberty Mutual Insurance Company* (CA 3, 1963), 323 F2d 174, interpreted the Pennsylvania acts as excluding "insurer" from "employer", although one section of the act defined "employer" as including the insurer "if such insurer has assumed the employer's liability." Although the language here was considerably stronger than that found in the Michigan act, the court ruled that "liability" means liability to pay compensation.

Thus, while Judge Kaess relies in part on the Maryland cases (assuming the employer's duties), the wording of the Michigan act is more consonant with the interpretation found in *Mays*. Part 4, § 1(e), of the Michigan act provides:

"That it [the carrier] hereby assumes all obligations imposed upon the said employer by his acceptance of the Michigan workmen's compensation law, as far as the payment of compensation, death benefits, or for medical, surgical or hospital care or medicine is concerned." CL 1948, § 414.1[5] (Stat Ann 1960 Rev § 17.195).

Even if we were to agree that the identities of the employer and carrier should be merged when the latter assumes the "duties," "liabilities," or "obligations" of the former, those terms are so defined as to not preclude third-party liability in other instances, one of which would be the present case.

*Mays* was cited with approval by Judge Holtzoff in *Gerace* v. *Liberty Mutual Insurance Co.* (DC Wash DC, 1966), 264 F Supp 95.

---

[5] As amended by PA 1951, No 151, PA 1952, No 107, and PA 1953, No 198.

Last, in what has come to be something of a leading case, the Iowa court has interpreted the phrasing of its act "other than the employer" not to preclude third-party liability on the part of the insurer. *Fabricius* v. *Montgomery Elevator Co.* (1963), 254 Iowa 1319 (121 NW2d 361).

Defendant's suggestions that to allow recovery in the instant case would "subvert" and "undermine" our workmen's compensation system cannot be entertained here. If such be true, it raises questions of policy which are properly directed to the legislature, not to the Court.

Finding nothing to indicate that the legislature intended to blend the jural personalities of employer and insurer so as to bar a common law action against the latter, we hold that the motion for summary judgment was properly denied, and the case may proceed to trial for a determination of the question of liability.

Affirmed, with costs to appellee.

J. H. GILLIS, P. J., and WEIPERT, J., concurred.