ROULO v. AUTOMOBILE CLUB OF MICHIGAN

1. CONTRACTS — PERFORMANCE BONDS — SUBCONTRACTORS — OWNER —DUTY.

   A private property owner cannot be held liable to a subcontractor, who is not a party to a construction contract between the owner and the general contractor, because the owner failed to see that the general contractor obtained the labor, materials, and performance bonds as required by the parties' contract, for the protection of materialmen and subcontractors.

2. CONTRACTS—BONDS—PERFORMANCE BONDS—OWNER—DUTY.

   A private property owner does not owe a subcontractor a nondelegable duty to provide payment and performance bonds; consequently, defendant owner owed no duty to plaintiff subcontractor to see that the general contractor performed his promise to furnish payment and performance bonds for protection of materialmen and subcontractors and plaintiff's remedy was under the mechanics lien act.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 February 6, 1970, at Detroit. (Docket No. 6,693.) Decided May 26, 1970. Leave to appeal granted July 30, 1970. 383 Mich 811.

Complaint by Lawrence J. Roulo against Automobile Club of Michigan for negligent misrepresen-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contractor's Bonds § 1 *et seq.*
   Validity of statute making private property owner liable to contractor's laborers, materialmen, or subcontractors where owner fails to exact bond or employ other means of securing their payment. 59 ALR2d 885.

tation. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*McCabe & Middleton,* for plaintiff.

*Rouse, Selby, Dickinson, Shaw· & Pike (William H. Morman,* of counsel), for defendant.

Before: LEVIN, P. J., and J. H. GILLIS, and BRONSON, JJ.

BRONSON, J. The trial court granted defendant Automobile Club of Michigan's motion for summary judgment on the ground that the plaintiff has failed to state a claim upon which relief can be granted.* From this decision, plaintiff appeals.

Plaintiff's complaint alleges that he is a plumbing and heating contractor, that defendant published written specifications for the construction of its Utica division office, that plaintiff was furnished with a copy of the specifications for the purpose of bidding on the plumbing and heating work as provided for in the specifications, and that his bid was accepted by the general contractor Siklitch and Little, Inc.

One of the specifications provided that Siklitch and Little, Inc. would "obtain a labor and material bond and a performance bond, each in 100 per cent of the contract amount". Siklitch and Little, Inc. did not, however, secure either a labor and material bond or a performance bond, and has since been adjudicated bankrupt. Plaintiff contends that defendant is liable for damages under a theory of negligent misrepresentation in tort because it failed as promisee to exact performance from the promisor, Siklitch and Little, Inc., to the detriment and loss of plaintiff.

---

* GCR 1963, 117.2(1).

We are concerned in the instant case with a rather unique problem: Whether in the case of a private general construction contract the owner (promisee) can be held liable to a subcontractor, who is not a party to the contract, because the owner fails to exercise due care to see to it that the general contractor (promisor) performs his contract with the owner.

Defendant says that no duty was owed plaintiff to see to it that the promisor, Siklitch and Little, Inc., would procure the required bonds although Siklitch and Little, Inc. was obliged to do so by contract.

Plaintiff concedes in his brief that defendant initially owed him no duty to require the furnishing of bonds for the protection of materialmen and subcontractors. It is only after it assumed to act, even though gratuitously, argues plaintiff, that defendant becomes liable if it failed to act with due care. Plaintiff does not, however, state what the defendant did, other than entering into the contract with the general contractor, which evidences its "assumption to act". The defendant here, unlike the defendant in *Ray* v. *Transamerica Insurance Company* (1968), 10 Mich App 55, did no more than enter into a contract. In the *Ray* case the defendant, a workmen's compensation insurance carrier, not only entered into a contract with the plaintiff's employer but additionally "undertook to provide safety inspection services and [plaintiff claimed] that it negligently performed this undertaking."

A search of the leading treatises on the law of torts has not revealed any relevant comment or cases directed to this issue. Certainly there are categories of doctrine, cutting across many sectors of the law, which stand for the proposition that a promisee may be vicariously liable due to the failure of his promisor to perform properly his obligation. These

exceptional cases appear to involve "nondelegable duties" of the promisee, *e.g.*, inherently dangerous activities, and the liability of a landowner for defective repairs even if made by an independent contractor (Prosser on Torts [3d ed], §§ 68, 70, pp 470, 488; 2 Harper and James, Torts, §§ 26.11, 18.6, pp 1395, 1044) or situations where the promisee has a right to control the conduct of another, *e.g.*, the liability of a master for the acts of his servant (Prosser on Torts [3d ed], § 69, p 472; 2 Harper and James, Torts, §§ 26.3–26.5, 18.7 pp 1366–1374, 1053). We are not persuaded that these principles should be extended to this kind of case. The relationship of an owner and a general contractor is markedly different from the relationship of a master and his servant; the owner does not owe a subcontractor a nondelegable duty to provide payment and performance bonds.

In the public contract sphere, the legislature has seen fit to ensure that materialmen and contractors are protected by placing a duty on public officers to exact security by bond for the payment of obligees to the contract. See MCLA § 570.101 (Stat Ann 1970 Rev § 26.321); *Lake Shore Stone Co.* v. *Westgate* (1920), 211 Mich 540. However, the mechanic's lien remedy, available as to the private contract, does not extend to public property. *McClintic-Marshall Co.* v. *Ford Motor Co.* (1931), 254 Mich 305; *Knapp* v. *Swaney* (1885), 56 Mich 345.

The existence of a remedy for plaintiff through the vehicle of the mechanics' lien act (MCLA § 570.1 [Stat Ann 1970 Rev § 26.281]) buttresses our conclusion that defendant owed the plaintiff no duty to see to it that the general contractor performed his promise to furnish payment and performance bonds. The defendant is not liable for damages in tort.

Summary judgment pursuant to GCR 1963, 117.2 (1) was properly granted.

Affirmed. Costs to defendant.

All concurred.