BANNER *v.* TRAVELERS INS. CO.

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASOR—RIGHT TO SUE.

The Workmen's Compensation Act allows an employee to sue third parties whose acts of negligence cause injury (MCLA. § 418.827[1]).

2. WORKMEN'S COMPENSATION—COMPENSATION—INSURANCE CARRIER—LIABILITY—"THIRD-PARTY" TORTFEASOR.

A workmen's compensation insurance carrier is a third party, not an employer for purposes of the statute allowing an injured employee to sue a third party whose negligence has caused the employee's injuries; a workmen's compensation insurance carrier is not immune from common-law tort liability for its own acts of negligence which cause injury to an employee (MCLA § 418.827[1]).

3. WORKMEN'S COMPENSATION—COMPENSATION—INSURANCE CARRIER—"THIRD-PARTY" TORTFEASOR—LIABILITY—NEGLIGENCE.

Workmen's compensation insurance carrier whose allegedly negligent performance of its safety inspection and service contract with the plaintiff's employer was claimed to have been the proximate cause of the plaintiff employee's injury was a third-party tortfeasor under the Workmen's Compensation Act, and, therefore, liable for its own acts of negligence (MCLA § 418-.827[1]).

CONCURRENCE BY O'HARA, J.

4. WORKMEN'S COMPENSATION—COMPENSATION—INSURANCE CARRIER—LIABILITY—PRIMARY LIABILITY.

*Liability of a workmen's compensation insurance carrier is primary, not that of an indemnitor or a guarantor; an insurance*

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 60, 264.
[2–5] 58 Am Jur, Workmen's Compensation §§ 42, 555 *et seq.*

*carrier, as evidenced by the facts that it is a named party defendant and that it is required to respond directly when compensation benefits are awarded, is indistinguishable, in law and fact, from the employer.*

5. WORKMEN'S COMPENSATION—COMPENSATION—INSURANCE CARRIER —"THIRD-PARTY" TORTFEASOR—LIABILITY.

*Judicial construction that a workmen's compensation insurance carrier is a "third party" subject to suit for its own negligence causing injuries to its insured's employees, although illogical, the insurance carrier's liability is primary and, as shown, by the fact that the judicial construction would mean that a self-insured employer would be liable in fact on the ground that the employer is also the insurance carrier, is nevertheless the settled law of this state.*

Appeal from Wayne, Thomas Roumell, J.  Submitted Division 1 December 7, 1970, at Detroit. Decided March 24, 1971.  Leave to appeal denied June 30, 1971, 385 Mich 760.

Complaint by Michael Banner by Ralph Banner, his next friend, against The Travelers Insurance Co. for negligent performance of contract with plaintiff's employer.  Summary judgment for defendant.  Plaintiff appeals.  Reversed and remanded with instructions.

*Plunkett, Cooney, Rutt & Peacock* (by *Boleslaus I. Stanczyk* and *Joel S. Morse*) for plaintiffs.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr* (by *Buell Doelle*) and *Travis, Warren, Nayer & Burgoyne* (by *Harry M. Nayer*), for defendant.

Before: LESINSKI, C. J., and LEVIN and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

LESINSKI, C. J.  Plaintiff Michael Banner brought this action against his employer's workmen's compensation insurance carrier, defendant Travelers Insurance Company, alleging that negligence during the performance of a contract with the employer to provide safety inspections and safety engineering services was the proximate cause of his injury.  Defendant moved for and was granted summary judgment on the ground that the suit was barred by the Workmen's Compensation Act[1] and that this Court's prior interpretation of that act in *Ray* v. *Transamerica Insurance Company* (1968), 10 Mich App 55, was incorrect.  Plaintiff appeals as of right.

The Workmen's Compensation Act allows an employee to sue third parties whose acts of negligence cause injury.  MCLA § 418.827(1) (Stat Ann 1971 Cum Supp § 17.237[827][1]), provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person *other than* a natural person in the same employ or *the employer* to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the *third party* for damages in accordance with the provisions of this section."  (Emphasis supplied.)

In *Ray, supra,* this Court construed the above-quoted language[2] to mean that the insurance carrier was a "third party", rather than an "employer", and

---

[1] MCLA § 418.101 *et seq.* (Stat Ann 1971 Cum Supp § 17.237[101] *et seq.*).

[2] At the time *Ray* v. *Transamerica Insurance Company* (1968), 10 Mich App 55, was decided, MCLA § 413.15 (Stat Ann 1960 Rev § 17.189), embodied the present provision.

not immune from common-law tort liability for its own acts of negligence.

After a review of divergent authority from other jurisdictions,[3] we conclude that resolution of the issue depends upon the interpretation given various state compensation schemes, and not upon principles of constitutional law.[4]

We conclude that the decision in *Ray, supra,* was a correct interpretation of legislative intent. It was error to grant defendant's motion for summary judgment.

Reversed and remanded for action not inconsistent with this opinion. Costs to plaintiff.

LEVIN, J., concurred.

O'HARA, J. *(concurring).* I regard it my duty, as well as the duty of the trial bench, to follow the settled law of this state.

*Ray* v. *Transamerica Insurance Company* (1968), 10 Mich App 55, is settled law. No panel of this Court has held to the contrary. The Supreme Court has not spoken on the issue.

I am not persuaded that a constitutional question is presented as urged by appellee insurer. Hence, I do not address myself to that issue.

I do record my own judicial disagreement with *Ray.*

The liability of the insurance carrier under the Michigan Workmen's Compensation Act is primary.

---

[3] *Fabricius* v. *Montgomery Elevator Co.* (1963), 254 Iowa 1319 (121 NW2d 361); *Mager* v. *United Hospitals of Newark* (1965), 88 NJ Super 421 (212 A2d 664), *affirmed* (1966), 46 NJ 398 (217 A2d 325); *Kerner* v. *Employers Mutual Liability Insurance Company* (1967), 35 Wis 2d 391 (151 NW2d 72); *Flood* v. *Merchants Mutual Insurance Company* (1963), 230 Md 373 (187 A2d 320).

[4] Defendant asserted below that the decision in *Ray,* fn 2, *supra,* unconstitutionally impaired existing insurance contracts. We find no merit in this contention. See *Ruth* v. *Bituminous Casualty Corporation* (CA6, 1970), 427 F2d 290.

It is not the liability of an indemnitor nor guarantor. It is a named party defendant in claims brought by employees under the act, as distinguished from the claims asserted against defendants in other negligence actions where the insurer *cannot* be named. The insurer is required to respond directly when benefits are awarded under the act. Within the terms of the concerned statute the employer and the insurer are indistinguishable in law and in fact.

The act permits an employer to be a self-insurer. It can hardly be seriously contended that if the employer in the case at bar were a self-insurer, the separate cause of action here asserted could be maintained against the employer because it negligently inspected its own premises or equipment. How then does the existence of insurance coverage create one?

Be all this as it may, *Ray* is the law of this state. I am constrained to add that if it so flagrantly offended against the legislative intent as judicially construed, the legislature has had the opportunity to express a contrary intent by amendment. It has not done so, and *Ray* remains the settled law. The failure of the trial judge to apply it was clearly and reversibly erroneous.

I concur with the Chief Judge.