MEGGE v LUMBERMENS MUTUAL CASUALTY COMPANY

1. NEGLIGENCE—TORTS—WORKMEN'S COMPENSATION INSURANCE CAR-
   RIER.

   A workmen's compensation insurance carrier is not immune from
   common-law tort liability for its own acts of negligence causing
   injury to an employee of an insured.

2. NEGLIGENCE—TORTS—WORKMEN'S COMPENSATION INSURANCE CAR-
   RIER—SAFETY INSPECTION SERVICES—GRATUITOUS ACT.

   An insurance carrier who gratuitously undertakes to provide
   safety-inspection services on an employer's premises, and then
   negligently performs these services, can .be held liable as a
   third-party defendant for the injuries suffered as a result of the
   carrier's negligence.

3. NEGLIGENCE—TORTS—WORKMEN'S COMPENSATION INSURANCE CAR-
   RIER—SAFETY INSPECTION—RELIANCE.

   An injured employee does not need to have relied on safety
   inspections by the workmen's compensation insurance carrier
   in order to bring an action for negligence; it is enough that the
   insured company had relied on the inspections of the insurance
   carrier to evaluate its own safety program.

4. APPEAL AND ERROR—JURY VERDICTS—FINDINGS OF FACT.

   The facts are to be construed most favorably toward the nonmov-
   ing party in reviewing a jury verdict and the Court of Appeals
   will refuse to disturb jury verdicts or findings of fact unless
   reasonable minds could not disagree.

5. INSURANCE—SUBROGATION—WORKMEN'S COMPENSATION INSURANCE
   CARRIER—THIRD-PARTY DEFENDANT.

   An anomaly can arise of a defendant insurer being subrogated to
   the rights of its own plaintiff for the amount of the compensa-
   tion insurance already paid to him when the insurance carrier
   is also a third-party defendant, but the Court of Appeals

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Workmen's Compensation §§ 2, 14, 19.
[4] 5 Am Jur 2d, Appeal and Error § 833 *et seq.*
[5] 58 Am Jur, Workmen's Compensation § 568.

previously saw no reason why a compensation insurance carrier should be deprived of reimbursement rights in such an instance and no convincing reason is supplied why such a statutory interpretation should not be followed (MCLA 418.827[5]).

Appeal from Saginaw, Eugene Snow Huff, J. Submitted Division 3 December 6, 1972, at Grand Rapids. (Docket No. 13172.) Decided February 22, 1973.

Complaint by Paul Megge and Maria Megge against Lumbermens Mutual Casualty Company, the workmen's compensation carrier for Maria Megge's employer for damages for personal injury. Verdict and judgment for plaintiffs. Defendant appeals. Plaintiffs cross appeal. Affirmed.

*van Benschoten & van Benschoten,* for plaintiffs.

*Crane, Kessel & Crane,* for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

HOLBROOK, J. On May 3, 1967, plaintiff Maria Megge lost parts of three fingers on her left hand while operating a press at the Snover Stamping Company plant in Snover, Michigan. Joined with her husband, Paul Megge, she sued the defendant, Lumbermens Mutual Casualty Company, the workmen's compensation insurance carrier for the plant, alleging it was the third-party tortfeasor negligent in failing to properly inspect the Snover plant and machinery. The jury's verdict of $40,000 for the plaintiffs was reduced by $3,255.70, the amount Lumbermens already paid Mrs. Megge in

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

workmen's compensation benefits. Essentially four issues are raised on appeal, three by defendant, and one by plaintiffs on cross appeal.

First, defendant makes a general argument that there was insufficient evidence of its negligence to submit the question to the jury. At the start of its argument, defendant vaguely objects to the permissibility of treating a workmen's compensation insurance carrier as a third-party defendant in a tort suit for negligent infliction of injury, an objection raised numerous times at the trial level. However, this Court is bound by the holdings of *Ray v Transamerica Ins Co,* 10 Mich App 55 (1968), *leave denied,* 381 Mich 766 (1968); *Banner v Travelers Ins Co,* 31 Mich App 608 (1971); and *Ruth v Bituminous Casualty Corp,* 427 F2d 290 (CA 6, 1970). These cases refuse to allow the workmen's compensation insurance carrier immunity from common-law tort liability for its own acts of negligence causing injury to an employee of an insured.

Next, defendant raises certain other issues, first objecting that any defect in the machine press that caused the injury was latent and therefore undiscoverable by defendant's inspection. However, defendant cites no case authority for this proposition. This Court is unwilling to search for authority to sustain defendant's position. *Cacavas v Bennett,* 37 Mich App 599 (1972). Second, defendant claims that its inspections were for the sole purpose of protecting its interest in evaluating risks before selling a workmen's compensation policy to Snover, that the defendant was not a volunteer in making inspections, and that in any case plaintiff did not rely on the inspections. In both *Ray* and *Banner* this Court accepted the theory that if an insurance carrier gratuitously undertook to pro-

vide safety-inspection services on an employer's premises, and then negligently performed these services, it could be held liable as a third-party defendant for the injuries suffered as a result of the carrier's negligence. Whether Lumbermens became a gratuitous volunteer, and whether there was sufficient reliance, are questions of fact for the jury. The Snover plant manager testified that Lumbermens made inspections every 30 days or so, during which machinery was inspected, and that he relied on Lumbermens' safety recommendations. Lumbermens' regional director testified the inspections were made once or twice a year, and were only cursory plant inspections, not machine inspections. The frequency of the inspections, their character, and Snover's reliance on them are factual issues for jury resolution. *Schweim v Johnson,* 10 Mich App 81 (1968). In *Ruth* where an almost identical factual situation as the one here occurred, an insurance carrier was sued as third-party defendant by an employee of a small company. The employee's fingers were amputated in a press accident. In affirming the jury award, the Court stated conclusions equally applicable here, at page 292:

"In his amended complaint Ruth alleged that the safety inspectors of Bituminous Casualty were negligent in failing to recommend certain improvements in the press he operated, which they had inspected as part of the insurance company's safety inspection program. There is evidence from which the jury could have found that safety engineers of Bituminous Casualty had made safety inspections of Hogart's plants routinely and systematically from 1960 to the date of Ruth's injury. These included inspection of the press which injured Ruth. There was a total of 16 or 17 separate inspections. Based upon these inspections, Bituminous Casualty made safety recommendations to Hogart, which

was a small company without a safety program or safety engineers of its own. There is evidence that Hogart relied upon and consistently complied with the safety recommendations made by Bituminous Casualty."

Defendant places great weight on the fact that Mrs. Megge admittedly did not herself rely on Lumbermens' inspections. In *Ruth,* however, it was enough that the jury decided that the insured company had relied on the inspections of the insurance carrier to evaluate its own safety program.

As for the defendant's further claim that plaintiff was contributorily negligent, and that no negligence had been shown which was a proximate cause of plaintiff's injury, this Court finds sufficient evidence for the jury to find for the plaintiffs on both issues. Snover employees testified that the press was operated by pressing two palm buttons located near the level of the operator's head, and that if the operator lifted his hand off one of the buttons the machine would automatically stop its cycle, a safety feature of the machine. Mrs. Megge testified her injury occurred when she took her left hand off a palm button to adjust the position of a part in the machine, and the press did not stop as she expected. An accident investigative report dated June 29, 1967, and prepared by a Lumbermens' employee, read under the heading "The Cause of the Accident" the explanation "Improper Electrical Hookup", and under the heading of "Corrected Action Taken" the statement "Complete Plant check of Presses & all presses now correctly wired". The defendant introduced testimony that the machine operated correctly both before and after the accident. In reviewing a jury verdict the facts are to be construed most favora-

bly toward the nonmoving party. *McKinney v Anderson,* 373 Mich 414 (1964). This Court will refuse to disturb jury verdicts or findings of fact unless reasonable minds could not disagree. *Schweim, supra.* Seen in this light, this Court sees no reason to second guess the factual determinations of the jury.

The second issue defendant raises is that plaintiffs' counsel's argument to the jury was highly prejudicial and in violation of the rules of procedure covering the trial of negligence cases, because the plaintiffs' counsel argued that the jury's verdict for the plaintiffs would prevent similar negligence in the future. The Court finds no error here in light of similar argument permitted in *Elliott v A J Smith Contracting Co,* 358 Mich 398 (1960). Moreover, the trial judge later instructed the jury to ignore appeals to passion and prejudice, allaying any prejudice that might have occurred by plaintiffs' counsel's remarks. *Conerly v Liptzen,* 41 Mich App 238 (1972).

The third issue defendant raises is that the trial judge erred in refusing to charge the jury in accordance with the written requests of defendant. The defendant merely quotes the requested instructions without argument on their behalf, and without allegation that any instruction given in fact was deficient. Again, this Court is unwilling to search for authority to sustain defendant's position. *Cacavas, supra.* In any case, the instructions given when taken as a whole do not appear to be an incorrect statement of the law or testimony. *Bauman v Grand Trunk W R Co,* 18 Mich App 450 (1969).

On cross appeal plaintiffs object to the trial judge's deduction of $3,255.70 from the jury's

award of $40,000 to plaintiffs. Plaintiffs first claim that defendant is estopped from demanding a deduction of paid compensation from the jury award, since the defendant itself placed before the jury the fact that $3,255.70 had already been paid, thus allowing the sum to be figured into the jury's award. This position must be rejected, since plaintiffs provide no authority in support of their contention, and since plaintiffs failed to use their right to request an appropriate jury instruction to effectuate their claim.

Plaintiffs next argue that subrogation or reimbursement rights should be denied to Lumbermens, since it is the third-party tortfeasor. The Court is concerned here with an interpretation of MCLA 418.827(5); MSA 17.237(827)(5),[1] which allows an insurance carrier reimbursement for workmen's compensation benefits paid out of damages recovered from a third-party tortfeasor. The statute does not seem to be written in contemplation that an insurance carrier might also be a third-party defendant. Thus the anomaly arises of a defendant insurer being subrogated to the rights of its own plaintiff for the amount of the compensation insurance already paid to him. This incongruity was noted in *Ray, supra,* at pages 62–63, but that Court saw no reason why a compensation insurance carrier should be deprived of reimbursement rights because it was also the third party defendant. While this Court might be obligated to hold differently had not the subrogation and reimbursement rights asserted been statutorily based, plaintiff supplies no convincing reason why the *Ray* statutory interpretation should not be followed here. *Cf. Michigan Hospital Service v*

---

[1] At the time of the suit the applicable law was part 5, MCLA 413.15; MSA 17.189.

*Sharpe,* 339 Mich 357 (1954); 83 CJS, Subrogation, § 13, p 610.

Affirmed. No costs, neither party prevailing fully.

All concurred.